Ricardo Hernandez, Hernandez Law Offices, P.S., Sunnyside, WA, for defendant.

**UNITED STATES of America, Plaintiff,**

v.

**Derik HEITZMAN, Defendant.**

**No. CR–94–2035–AAM.**

United States District Court, E.D. Washington.

Oct. 14, 1994.

**PRETRIAL ORDER**

McDONALD, District Judge.

A pretrial conference was held in the above-captioned criminal matter on October 14, 1994 in Yakima, Washington. The defendant was represented by Ricardo Hernandez of Hernandez Law Offices, P.S., Sunnyside, Washington. Assistant United States Attorney Donald E. Kresse, Jr. appeared on behalf of the government.

Upon consideration of the record and the arguments presented by counsel, and for the reasons set forth more fully by the Court at the hearing, the Court enters the following orders.

### A. LEAVE TO FILE FURTHER MOTION

Defendant moves for leave to file an additional pre-trial motion (*i.e.,* his concurrently-filed Motion to Quash Indictment as Violative of Fifth Amendment). Defense counsel states that the motion to quash relies

on decisions entered a month ago, about which he could not have known at the time of filing pre-trial motions. Further, he states that the government will not be prejudiced by late filing because the government recently responded to a similar motion to quash in *United States v. Aguilar*, 886 F.Supp. 740, in this Court.

The government has not filed an objection. The government has responded to the motion to quash.

The defendant has shown good cause excusing the untimely filing, and the government has not objected. Therefore, Defendant's Motion for Leave to File Additional Pre–Trial Motion, Ct.Rec. 19, is **GRANTED**.

## B. MOTION TO QUASH

■ *Party contentions.* Defendant moves to quash the indictment. He contends that he forfeited several firearms under a civil forfeiture proceeding, so that criminal indictment for possession of these firearms violates double jeopardy. Defendant cites as authority the recent case of *United States v. $405,-089.23 United States Currency*, 33 F.3d 1210 (9th Cir.1994).

The government contends in response that *$405,089.23* can be distinguished: (1) defendant has not yet forfeited the firearms, although they are the subject of an ongoing forfeiture proceeding; (2) the firearms were seized because they were contraband (so that mere possession of them was a crime), rather than being the fruits of a crime; (3) defendant has not challenged the forfeiture; and (4) the purpose of defendant's forfeiture was neither to punish nor to deter.

*Facts.* The parties appear to agree on the following.[1] Defendant was arrested on December 2, 1993, for a driving violation. The arresting officer conducted a search of defendant's vehicle pursuant to arrest and discovered a revolver and an amount of methamphetamine. The officer again arrested defendant, this time for possession of a controlled substance. Upon his booking into jail, defendant produced $3,417.00 which the arresting officer seized.

The arresting officer applied for and received a search warrant for defendant's vehicle. In the vehicle the searching officers found narcotics paraphernalia and four firearms.

On January 21, 1994, the U.S. Bureau of Alcohol, Tobacco and Firearms (ATF) informed defendant that firearms in which he may have an interest were seized on December 2, 1993, for violation of 18 U.S.C. ch. 44 (*i.e.*, 18 U.S.C. §§ 921 to 930). Letter of 1/21/94 from ATF to Heitzman, attached as Exhibit 1 to Defendant's Memorandum in Support of Motion to Quash Indictment as Violation of Fifth Amendment. The notice stated that unless a claim were timely filed, the property would be administratively forfeited on the "final claim date" of February 27, 1994. Apparently, no claim was timely filed.

Defendant was indicted on June 15, 1994, for violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), beginning the proceeding here.

*Analysis.* In *$405,089.23*, the Ninth Circuit considered the propriety of a civil forfeiture judgment entered after related criminal convictions. The defendants were convicted of conspiracy and money laundering (presumably under 18 U.S.C. § 1956). Their property was forfeited under 18 U.S.C. § 981(a)(1)(A) (property involved in money laundering) and 21 U.S.C. § 881(a)(6) (proceeds of illegal narcotics transactions). In obtaining forfeiture, the government had argued that the property was connected to the offenses that were the subject of the parallel criminal case. The Ninth Circuit confirmed that "the forfeiture complaint in this case was based on precisely the same conduct addressed in the claimants' criminal case." 33 F.3d at 1216. Having found that the second proceeding was therefore subject to a double jeopardy bar, the court applied a two part test to determine whether the second proceeding was barred:

[W]e must consider two questions: whether the civil forfeiture action and the claimants' criminal prosecution constituted separate "proceedings," and whether civil for-

---

1. The parties are not precluded from disputing    these facts at trial.

feiture under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A) constitutes "punishment." If the answer to both of these questions is yes, then the government's actions constituted a successive attempt to impose punishment, in violation of the Double Jeopardy Clause.

33 F.3d at 1216. The answer to the first question was yes:

> We fail to see how two separate actions, one civil and one criminal, instituted at different times, tried at different times before different factfinders, presided over by different district judges, and resolved by separate judgments, constitute the sale "proceeding." . . .
>
> [A] civil forfeiture action which is brought and tried separately from the criminal prosecution and is based upon the same offense constitutes a separate "proceeding."

Id., at 1216, 1218. The answer to the first question also was yes:

> [A] sanction which is designed even in part to deter or punish will constitute punishment, regardless of whether it also has a remedial purpose. See Austin v. United States, — U.S. —, —, —, 113 S.Ct. 2801, 2806, 2812, 125 L.Ed.2d 488 (1993). . . .
>
> Under Austin, in order to determine whether a forfeiture constitutes "punishment," we must look to the entire scope of the statute which the government seeks to employ, rather than to the characteristics of the specific property the government seeks to forfeit. . . .
>
> Austin thus makes clear that at least three principles are relevant to determining whether a forfeiture constitutes "punishment." First, because of "the historical understanding of forfeiture as punishment," id. at 2812, there is a strong presumption that any forfeiture statute does not serve solely a remedial purpose. Second, where such a statute focuses on the culpability of the property owner by exempting innocent owners or lienholders, it is likely that the enactment serves at least in part to deter and punish guilty conduct. Finally, where Congress has tied forfeiture directly to the commission of specified of-

fenses, it is reasonable to presume that the forfeiture is at least partially intended as an additional deterrent to or punishment for those violations of law. These principles dictate that forfeiture under the statutes at issue in this case constitutes "punishment."

Id., at 1219, 1220, 1221. The court concluded that the forfeiture statutes constituted punishment, so the second action was barred by the double jeopardy clause. Id. at 1222.

Applying the $405,089.23 analysis to this case, the Court concludes that this proceeding is barred by the double jeopardy clause.

First, the forfeiture action was based on precisely the same conduct addressed in the indictment. Compare Letter of 1/21/94 from ATF to Heitzman ("SEIZED FOR VIOLATION OF Title 18, USC Chapter 44") with the indictment, Ct.Rec. 1 (charging five counts of violation of 18 U.S.C. § 922(g)(1)). The forfeiture action has resulted in an administrative forfeiture. Therefore, this proceeding is subject to a double jeopardy bar.

Second, the civil forfeiture action and the criminal prosecution constitute separate proceedings. They are two separate actions (one civil; one criminal), instituted at different times (by notice of January 21, 1994; by indictment of June 15, 1994), tried at different times (the final claim date of February 27, 1994; the upcoming trial on October 25, 1994), before different factfinders (ATF; a jury), presided over by different district judges (no one; this Court), and separately resolved (by administrative forfeiture; by jury trial or the instant motion to quash).

Third, civil forfeiture under 18 U.S.C. § 924(d)(1) constitutes "punishment" under the Austin factors. Section 924(d)(1) is a forfeiture statute that is presumed not to serve solely a remedial purpose. Section 924(d)(1) focuses on the culpability of the property owner by exempting innocent owners and lienholders, so it is likely that it serves at least in part to deter and punish guilty conduct. Compare 18 U.S.C. § 924(d)(1) (requiring a demonstration of knowing statutory violation in order to be subject to forfeiture, and providing for return of the seized firearms upon acquittal of or

dismissal of charges against the firearm's owner or possessor), *with* 18 U.S.C. § 981(a)(2) (excepting from forfeiture property used by owners or lienholders without their knowledge or consent), *and* 21 U.S.C. § 881(a)(4) (excepting from forfeiture property used by owners or lienholders without their knowledge or consent), *and* 21 U.S.C. § 881(a)(6) (excepting from forfeiture property used by owners or lienholders without their knowledge or consent). Finally, Congress has tied § 924(d)(1) forfeiture directly to the commission of specified offenses, so it is reasonable to presume that the forfeiture is at least partially intended as an additional deterrent to or punishment for those violations of law. *See* § 924(d)(1) ("Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922 ... shall be subject to seizure and forfeiture").

Therefore, like the *Austin* Court found for 21 U.S.C. §§ 881(a)(4) and (a)(7), and the *$405,089.23* court found for 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A), this Court finds that 18 U.S.C. § 924(d)(1) constitutes punishment, so this second action is barred by the double jeopardy clause.[2]

Defendant's Motion to Quash Indictment as Violative of Fifth Amendment, Ct.Rec. 21, is **GRANTED.** This matter is **DISMISSED WITH PREJUDICE.**

### C. OTHER MOTIONS

The Government's Motion for Discovery, Ct.Rec. 9; and Defendant's Motion to Suppress, Ct.Rec. 16, are **DENIED AS MOOT.**

**IT IS SO ORDERED.** The Clerk is directed to enter this order and forward copies to counsel. The Clerk is directed further to enter an order of judgment accordingly and forward copies to counsel.

The U.S. Marshal is directed to release defendant from custody, or transfer custody as appropriate.

**2.** The Court's analysis here was greatly affected by the Ninth Circuit's opinion in *$405,089.23.* That opinion rejects the analysis this Court used in the pre-trial order of *United States v. Aguilar,* 886 F.Supp. 740, which preceded *$405,089.23.*