47 F.3d 972
 UNITED STATES of America, Appellee,
v.
TWENTY ONE THOUSAND TWO HUNDRED EIGHTY TWO DOLLARS, IN U.S.
CURRENCY, Defendant,
Ralph Pennig; Geraldine Pennig; Gary Pennig; Carolle
Thomas-Pennig, Appellants,
UNITED STATES of America, Appellee,
v.
1991 FORD 4X4 EXPLORER, ONE, EDDIE BAUER EDITION, V.I.N.
IFMCU24X8MUB87793, Defendant,
Ralph Pennig; Geraldine Pennig; Gary Pennig; Carolle
Thomas-Pennig, Appellants,
UNITED STATES of America, Appellee,
v.
THIRTY THOUSAND DOLLARS, IN U.S. CURRENCY, Defendant,
Ralph Pennig; Geraldine Pennig; Gary Pennig; Carolle
Thomas-Pennig, Appellants,
UNITED STATES of America, Appellee,
v.
NINE HUNDRED DOLLARS, IN U.S. CURRENCY, Defendant,
Geraldine Pennig; Ralph Pennig; Carolle Thomas-Pennig;
Gary Pennig, Appellants,
UNITED STATES of America, Appellee,
v.
1991 33' CARVER AFT CABIN BOAT, Known as the "Why Knot II",
Bearing Hull # 977962, one, Defendant,
Geraldine Pennig; Ralph Pennig; Gary Pennig; Carolle
Thomas-Pennig, Appellants.
 No. 94-1122.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 30, 1995.
Decided Feb. 15, 1995.
 
 Dennis B. Johnson and Craig E. Cascarano, Minneapolis, MN, for appellants.
 Mary J. Madigan, Asst. U.S. Atty., for appellee.
 Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 Ralph Pennig, Geraldine Pennig, Gary Pennig, and Carolle Thomas-Pennig[1] appeal from the final judgment entered in the District Court[2] for the District of Minnesota, granting summary judgment to the government and forfeiting defendant property. For reversal, the Pennigs argue only that the forfeiture violated the Excessive Fines Clause of the Eighth Amendment. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Pursuant to 18 U.S.C. Sec. 981(a)(1)(A), the government filed a verified complaint of forfeiture, naming a boat, a truck, and three separate sums of currency as the defendant property (property). The government alleged the property represented the proceeds of illegal drug trafficking and money laundering activities committed in violation of 18 U.S.C. Secs. 1956(a)(1)(B)(i), (ii) and 1957(a), but did not file criminal charges. The Pennigs filed claims to the property and answers to the verified complaint, asserting various ownership, "possessory," and marital interests in the property.
 
 
 3
 On the basis of stipulated facts and following oral argument, the district court filed two orders which struck for lack of standing the claims and answers of Ralph, Geraldine, and Carolle, as well as the claims and answers of Gary as to the truck and the currency in which he asserted a "possessory interest"; granted summary judgment against Gary as to the boat and the currency in which he asserted an ownership interest; found that the government had demonstrated probable cause for the forfeiture; and ordered the property forfeited to the government.
 
 
 4
 We need not consider the excessive fines argument as to Ralph, Geraldine, and Carolle, or as to Gary with respect to his claims to the truck and to the currency in which he asserted a "possessory interest," because they do not contest the district court's finding that they lacked standing. See United States v. One 1990 Chevrolet Corvette, 37 F.3d 421, 422-23 (8th Cir.1994); see also United States v. O'Neal, 17 F.3d 239, 243 (8th Cir.) (issues not raised and argued in appellant's brief are waived), cert. denied, --- U.S. ----, 115 S.Ct. 418, 130 L.Ed.2d 333 (1994).
 
 
 5
 We conclude that the forfeiture of the boat and the currency in which Gary claimed an ownership interest did not violate the Excessive Fines Clause. Cf. Austin v. United States, --- U.S. ----, ----, 113 S.Ct. 2801, 2803, 125 L.Ed.2d 488 (1993) (clause applies to civil forfeitures under 21 U.S.C. Secs. 881(a)(4) and (a)(7)); United States v. Myers, 21 F.3d 826, 830 n. 4 (8th Cir.1994) (criminal forfeiture under 18 U.S.C. Sec. 982(a)(1), the analog to Sec. 981(a)(1), is a fine for purposes of Excessive Fines Clause), cert. denied, --- U.S. ----, 115 S.Ct. 742, 130 L.Ed.2d 643 (1995). Gary does not contest the district court's finding of probable cause to believe this property represented the proceeds of illegal activity. Cf. United States v. 318 South Third Street, 988 F.2d 822, 825 (8th Cir.1993) (claimant may contest forfeiture by showing property was not traceable to illegal drug activities); United States v. United States Currency in the Amount of $150,660.00, 980 F.2d 1200, 1205 n. 4 (8th Cir.1992) (forfeiture standard). The forfeiture of proceeds of criminal activity which "simply parts the owner from the fruits of the criminal activity" does not constitute punishment and thus does not implicate the Eighth Amendment. United States v. Alexander, 32 F.3d 1231, 1236 (8th Cir.1994).
 
 
 6
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 Ralph and Geraldine are husband and wife; Gary, their son, is married to Carolle
 
 
 [2]
 The Honorable Diana E. Murphy, then Chief Judge, United States District Court for the District of Minnesota, now United States Circuit Judge