**UNITED STATES of America, Plaintiff,**

v.

**Richard John GARIN, Jr., and Wesley Paul Schindler, Defendants.**

**Crim. No. 4–94–139(1).**

United States District Court,
D. Minnesota,
Fourth Division.

June 22, 1995.

---

David Lorin Warg, Warg Law Office, St. Paul, MN, Joel Chalfen Golden, Golden Law Office, Minneapolis, MN, for defendant.

Michael L. Cheever, U.S. Atty. Office, Minneapolis, MN, for the U.S.

## ORDER

DOTY, District Judge.

This matter is before the court on a motion by defendant for immediate release. Based upon a review of the file and record, the court denies defendant's motion.

## BACKGROUND

On December 5, 1994, the Grand Jury returned a three-count indictment against defendant Richard J. Garin ("Garin") charging him with conspiracy to distribute and possess with intent to distribute methamphetamine, distribution of methamphetamine and aiding and abetting possession with intent to distribute methamphetamine. On February 23, 1995, Garin was found guilty of all three counts. Pursuant to 18 U.S.C. § 3143, Garin was detained pending his sentencing. Garin contends that the prior seizure and forfeiture of his Harley Davidson Motorcycle (ID # 2T91FDL–45RR097473), the prior seizure and forfeiture of $630.00, and the seizure of his truck constituted "punishments" for double jeopardy purposes and prevents the government from punishing him a second time. Garin seeks immediate release from custody.

On July 1, 1994, the Drug Enforcement Administration ("DEA") seized a 1994 Harley Davidson Motorcycle from Garin. From the records submitted by the government, the motorcycle was legally owned by Robert W. Garin. The government sent a Notice of Seizure and Intent to Forfeit for the motorcycle by certified mail on August 1, 1994, to two different addresses. The Notice advises individuals who may have an interest in the seized property on how to contest the DEA administrative forfeiture proceeding. On August 8, 1994, Robert W. Garin signed a certified mail receipt for the Notice of Seizure and Intent to Forfeit. Government's Memorandum in Opposition, Exhibit C. A certified mail receipt was also signed for at defendant Richard Garin's address in Blaine, Minnesota. Government's Memorandum in Opposition, Exhibit D. The Notice was also published for three consecutive weeks in *USA Today* on August 10, 1994, August 17, 1994, and August 24, 1994. According to the

Declaration of Forfeiture issued on November 7, 1994, no claims were filed for the motorcycle. Government's Memorandum in Opposition, Exhibit F.

Also, on July, 1, 1994, the Hennepin County Sheriff's Office seized $632.00 in currency and a 1987 Chevrolet S–10 Pickup Truck from Garin. On August 17, 1994, the Hennepin County Attorney's Office filed a Summons and Complaint for Forfeiture against the $632.00 seized from Garin. Government's Memorandum in Opposition, Exhibit G. The summon and complaint was published in *Finance and Commerce* on September 9, 1994, September 16, 1994, and September 23, 1994.[1] Government's Memorandum in Opposition, Exhibit H. On February 1, 1995, Hennepin County District Court Judge Harry S. Crump issued an order of judgement for the $632.00. In the Government's memorandum, it states that Garin's pickup will be returned to him after completion of the criminal case.

## DISCUSSION

18 U.S.C. § 3143(a) governs a court's decision to detain or release a defendant pending sentence. Section 3143(a)(2), the applicable provision in this matter, states that a defendant shall be detained unless (1) the court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, (2) the government recommends that no sentence of imprisonment be imposed on the defendant or (3) the court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the community. 18 U.S.C. § 3143(a)(2). The court treats Garin's motion as a claim that there is a substantial likelihood that a motion for acquittal will be granted.

### 1. The DEA Administrative Forfeiture Proceeding

■ Garin claims that the prior forfeiture of his motorcycle bars any further punishment by the government in this case. In support of his argument, Garin cites to the Supreme Court decisions in *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104

L.Ed.2d 487 (1989); *Austin v. United States*, —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); and *Department of Revenue of Montana v. Kurth Ranch*, —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994) and the Ninth Circuit decision in *United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210 (9th Cir.1994), *opinion amended on denial of rehearing*, 56 F.3d 41 (1995). The government contends that the prior DEA administrative forfeiture proceeding does not count for double jeopardy purposes because Garin never filed a claim against the property. The court agrees.

■ Double jeopardy is a personal constitutional right. *See Halper*, 490 U.S. at 447, 109 S.Ct. at 1901 ("This constitutional protection is intrinsically personal"). However, in order for double jeopardy to apply there must have been a former jeopardy. *Serfass v. United States*, 420 U.S. 377, 389, 95 S.Ct. 1055, 1057, 43 L.Ed.2d 265 (1975). In *Serfass*, the Supreme Court stated that "[w]ithout risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." *Id.* at 391–92, 95 S.Ct. at 1064. This necessitates demonstrating that the government sought to punish a defendant in two or more separate proceedings for the same offense. *See Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The issue before the court is whether the prior DEA administrative forfeiture proceeding against the *unclaimed* motorcycle operates as an earlier effort to impose punishment on defendant Garin.

In *United States v. Torres*, 28 F.3d 1463 (7th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994), the defendant Torres was arrested and pled guilty to drug offenses after attempting to purchase cocaine with $60,000.00. He received notice of a civil forfeiture proceeding against $60,000 but never filed a claim for the money. Defendant claimed that the prior forfeiture precluded the sentence of impris-

---

1. The Hennepin County Sheriff's Office attempted to personally serve Garin at his last known address but were unsuccessful. Government's Memorandum in Opposition, Exhibit I.

onment.[2] The Seventh Circuit held that unless a defendant was at risk in the forfeiture proceeding—i.e., filed a claim on the property, double jeopardy does not apply. *Id.* at 1465; *see United States v. Kemmish,* 869 F.Supp. 803, 805 (S.D.Cal.1994). The court finds the reasoning of the Seventh Circuit persuasive.

In this case, Garin received notice of the forfeiture proceeding. He failed to file a claim to contest the forfeiture. By choosing not to participate, Garin avoided a determination of his culpability and jeopardy simply did not attach. Accordingly, the court finds that defendant's federal prosecution does not subject him to double jeopardy.[3]

### 2. The Hennepin County Judicial Forfeiture Proceeding

■ Garin also maintains that the forfeiture of the $660.00 in state court constitutes a punishment triggering the protection of the Double Jeopardy Clause. Thus, he maintains that any further punishment by the United States would violate that constitutional protection. The court disagrees.

■ Under the doctrine of dual sovereignty, prosecution by both state and federal authorities for the same conduct does not violate the Double Jeopardy Clause. *United States v. Kummer,* 15 F.3d 1455, 1460–61 (8th Cir.1994) (citations omitted); *United States v. Simpkins,* 953 F.2d 443, 444 (8th Cir.), *cert. denied,* 504 U.S. 928, 112 S.Ct. 1988, 118 L.Ed.2d 585 (1992). The court also notes that in *Department of Revenue v. Kurth Ranch,* — U.S. ——, ——-—— n. 22, 114 S.Ct. 1937, 1947–48 n. 22, 128 L.Ed.2d 767 (1994), the Supreme Court indicated the continued validity of the dual sovereignty doctrine.

To support its position that the dual sovereignty doctrine applies in forfeiture cases, the government cites *United States v. Certain Real Property and Premises Known as 38 Whalers Cove Drive,* 954 F.2d 29 (2d Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 55, 121 L.Ed.2d 24 (1992). In *38 Whalers Cove,* defendant was arrested for selling cocaine and subsequently, pleaded guilty in state court. After his plea, the federal government initiated forfeiture proceedings against defendant's residence. The Second Circuit held that the Double Jeopardy Clause is not triggered when separate governments punish a defendant. *Id.* at 38 (citing *Heath v. Alabama,* 474 U.S. 82, 87–89, 106 S.Ct. 433, 436–37, 88 L.Ed.2d 387 (1985)). Accordingly, the court rejects Garin's double jeopardy argument based upon the prior state forfeiture.

### CONCLUSION

Based upon the foregoing analysis, the court concludes that defendant's double jeopardy argument lacks merit. Thus, the court finds that Garin has failed to establish that there is a substantial likelihood that a motion for acquittal would be granted. Accordingly, **IT IS HEREBY ORDERED** that defendant's motion for immediate release is denied.

■

---

2. In *Torres,* the court also noted that during the parallel criminal proceedings, the defendant never asserted any interest in the money.

3. The government also argues that the forfeiture of proceeds or facilitating property does not constitute "punishment" for double jeopardy purposes. See *United States v. $21,282.00,* 47 F.3d 972 (8th Cir.1995); *United States v. Alexander,* 32 F.3d 1231 (8th Cir.1994); *United States v. Tilley,* 18 F.3d 295, 299–300 (5th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994). Based on the conclusion that the DEA administrative proceeding against the unclaimed motorcycle did not implicate Garin's rights under the Double Jeopardy Clause, the court finds it unnecessary to address the merits of the government's argument.