UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard Jay CLEMENTI,
Defendant–Appellant.

No. 95–2079.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1995.

Decided Dec. 1, 1995.

Jonathan Laurans, Kansas City, Missouri, argued, for appellant.

Patrick A. McInerney, Assistant U.S. Attorney, Kansas City, Missouri, argued (Bruce E. Clark, Assistant U.S. Attorney, on the brief), for appellee.

Before HANSEN, BRIGHT, and MURPHY, Circuit Judges.

HANSEN, Circuit Judge.

Richard Jay Clementi appeals from the district court's [1] denial of his motion to dismiss an indictment against him. Clementi contends that the indictment violates the Double Jeopardy Clause of the Fifth Amendment because he has already suffered a forfeiture of property for the same offense. We affirm.

## I.

The following facts are undisputed. In February 1994, the government seized 38 weapons from Clementi's residence and place of business. Because Clementi had previously been convicted of a felony, his possession of the weapons was illegal under 18 U.S.C. §§ 922(g)(1). In March 1994, the government notified Clementi that it had commenced civil forfeiture proceedings under 18 U.S.C. § 924(d) for the firearms. The government subsequently stayed the forfeiture proceedings pending a criminal prosecution, in part because of the uncertain state of the law on double jeopardy. Clementi has not appeared or intervened in the suspended forfeiture proceedings.

In September 1994, Clementi was indicted under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Like the forfeiture proceedings, this indictment was based on Clementi's illegal possession of the firearms seized in February 1994. Clementi entered a guilty plea in January 1995. Subsequently, he filed a motion to dismiss on double jeopardy grounds. The district court denied the motion and sentenced Clementi to 27 months of imprisonment. Clementi appeals.

---

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

## II.

The Double Jeopardy Clause of the Fifth Amendment protects against a second prosecution for the same offense after either an acquittal or a conviction and against multiple punishments for the same offense. *Schiro v. Farley,* —— U.S. ——, ——, 114 S.Ct. 783, 789, 127 L.Ed.2d 47 (1994). This case involves a civil forfeiture and a criminal prosecution, and does not implicate the multiple prosecutions strand of double jeopardy. The issue before us is whether the district court erred in finding that the indictment did not violate the guarantee against multiple punishments. "We review a district court's denial of a motion to dismiss an indictment on double jeopardy grounds *de novo.*" *United States v. Petty,* 62 F.3d 265, 267 (8th Cir.1995).

Clementi asserts that forfeiture under 18 U.S.C. § 924(d) is punishment for purposes of double jeopardy analysis, thus rendering his subsequent indictment for the same offense a violation of the Double Jeopardy Clause. Clementi's assertion rests on the Ninth Circuit's reasoning in *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994), *amended on denial of reh'g,* 56 F.3d 41 (9th Cir.1995), *petition for cert. filed,* 64 USLW 3161 (U.S. Aug. 28, 1995) (No. 95–346). In *Currency,* the Ninth Circuit held that civil forfeiture under 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6) constitutes punishment for the purpose of double jeopardy analysis. *Id.* at 1221. The court reached this decision based upon its interpretation of three recent Supreme Court cases: *Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994); *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); and *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). *See Currency,* 33 F.3d at 1218–22; 56 F.3d at 42.

Clementi argues that the Ninth Circuit's reasoning in *Currency* compels the conclu-

sion that forfeitures are punishment within the meaning of double jeopardy. We reject this categorical approach to double jeopardy analysis and follow controlling Supreme Court law on this precise issue. In *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 362–66, 104 S.Ct. 1099, 1104–07, 79 L.Ed.2d 361 (1984), the Supreme Court held that 18 U.S.C. § 924(d) is a civil, remedial statute and that the Double Jeopardy Clause does not bar a § 924(d) forfeiture proceeding subsequent to a criminal proceeding. Although the Court has since modified the analysis for determining whether jeopardy attaches, requiring an assessment of whether the forfeiture is "rational[ly] relat[ed] to the goal of compensating the government for its loss," *see Halper,* 490 U.S. at 449, 109 S.Ct. at 1902, *Firearms* is still good law. The Court recently cited *Firearms* with approval in *Austin,* —— U.S. at ——, 113 S.Ct. at 2805 n. 4, 2811, and specifically noted that "the forfeiture of contraband itself may be characterized as remedial because it removes dangerous or illegal items from society," *id.,* at ——, 113 S.Ct. at 2811 (citing *Firearms* ).[2]

We have held in the Eighth Amendment context that a forfeiture "which simply parts the owner from the fruits of the criminal activity does not constitute punishment." *United States v. $21,282.00 in U.S. Currency,* 47 F.3d 972, 973 (8th Cir.1995) (internal quotations omitted). This holding certainly extends to double jeopardy analysis, for the forfeiture of the fruits of illegal activity is rationally related to the damages of that activity. *See Halper,* 490 U.S. at 449, 109 S.Ct. at 1902. *Accord United States v. Salinas,* 65 F.3d 551, 553–54 (6th Cir.1995) (finding that a forfeiture of proceeds of illegal activity is not punishment); *S.E.C. v. Bilzerian,* 29 F.3d 689, 696 (D.C.Cir.1994) (finding that a disgorgement of illegal gains is not punishment); *United States v. Tilley,* 18 F.3d 295, 298–300 (5th Cir.) (finding that a forfeiture of drug proceeds is not punishment), *cert. denied, Anderson v. U.S.,* ——

2. To support his assertion that jeopardy attaches, Clementi cites a case from a district court in the Ninth Circuit, *United States v. Heitzman,* 886 F.Supp. 737 (E.D.Wash.1994), which held that a § 924(d) forfeiture is punishment and therefore subject to double jeopardy analysis. *Heitzman* fails to take note of *Firearms,* however, and consequently fails to observe the Supreme Court's validation of *Firearms* in *Austin.* As such, we find the reasoning of *Heitzman* unpersuasive.

U.S. ——, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994), *and Tilley v. U.S.,* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994). Because it simply cannot be punishment to take from a criminal that which the law forbids him to possess, the forfeiture of firearms under 18 U.S.C. § 924(d) is not punishment.[3] Accordingly, based on the controlling law of *Firearms* and our reasoning in *$21,282.00 in U.S. Currency,* we hold that jeopardy does not attach to a § 924(d) forfeiture of firearms found in the possession of a felon.

■ Furthermore, even if jeopardy could attach to a § 924(d) forfeiture, we find as a factual matter that the government's stay of the forfeiture proceedings in this case prevented the attachment of jeopardy, because jeopardy does not attach upon the government's mere filing of an administrative claim. *Accord United States v. McDermott II,* 64 F.3d 1448, 1455 (10th Cir.1995); *United States v. Arreola–Ramos,* 60 F.3d 188, 192 (5th Cir.1995); *United States v. Barton,* 46 F.3d 51, 52 (9th Cir.1995); *United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994). Additionally, jeopardy has not attached here because Clementi has not intervened in the forfeiture proceeding.[4] *United States v. Pena,* 67 F.3d 153, 155 (8th Cir.1995) (citing *United States v. Baird,* 63 F.3d 1213, 1218–19 (3d Cir.), *petition for cert. filed,* (U.S. Oct. 17, 1995) (No. 95–630); *Arreola–Ramos,* 60 F.3d at 192; and *Torres,* 28 F.3d at 1465–66).

Because jeopardy did not attach to the forfeiture of the firearms, the later criminal punishment could not have subjected Clementi to double jeopardy, and the district court

did not err in denying Clementi's motion to dismiss the indictment. Accordingly, we affirm the judgment of the district court.

BRIGHT, Circuit Judge, concurring separately.

I concur in the result. I write separately to observe that the double jeopardy analysis in *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984), seems to be undergoing some change. In *Firearms,* the Court focused on whether Congress had attached a "civil" or "criminal" label to a particular sanction in determining whether that sanction constituted "punishment." [1] In *United States v. Halper,* 490 U.S. 435, 446–51, 109 S.Ct. 1892, 1900–04, 104 L.Ed.2d 487 (1989), and *Austin v. United States,* —— U.S. ——, —— – ——, 113 S.Ct. 2801, 2805–12, 125 L.Ed.2d 488 (1993), the Court changed its focus to whether the purposes of the statute were deterrence and retribution (*i.e.* punishment) or were remedial in nature.

The circuits have noticed this modification in analysis. *See United States v. Baird,* 63 F.3d 1213, 1216 (3d Cir.) (stating recent Supreme Court decisions gave the "no multiple punishments rule" a breadth of effect it had never before enjoyed), *petition for cert. filed,* 64 U.S.L.W. 3318 (U.S. Oct. 17, 1995) (No. 95–630); *United States v. Torres,* 28 F.3d 1463, 1464–65 (7th Cir.) ("When choosing between civil and criminal forfeitures, the prosecutor will have to recall that after *Halper, Austin,* and *Kurth Ranch* the nomenclature 'civil' does not carry much weight."), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130

---

**3.** Clementi also argues that he possessed the firearms as an avid gun collector and federally licensed firearms dealer. We find this argument to be unavailing; regardless of his intent, his possession was illegal.

**4.** Clementi argues that requiring him to intervene in the forfeiture proceeding subjects him to a Hobson's choice, *see* Webster's Third New International Dictionary 1076 (1986), of either waiving his Fifth Amendment privilege against self-incrimination or waiving his protection against double jeopardy. Claiming ownership of the property by joining the action would not be self-incriminating, however, because the statute at issue does not forbid ownership of firearms.

It forbids possessing or transporting firearms in or affecting interstate commerce. *See* 18 U.S.C. § 922(g)(1).

**1.** Congress has amended 18 U.S.C. § 924(d) since the Supreme Court decided *Firearms* in 1984. In the 1986 amendments Congress required that certain violations giving rise to the forfeiture be "knowing" and provided for the release of the seized firearms upon acquittal or dismissal of the charges. In *Austin,* the Court stated that such "innocent owner" defenses "focus the provisions on the culpability of the owner in a way that makes them look more like punishment[.]" —— U.S. at —— – ——, 113 S.Ct. at 2810–11.

L.Ed.2d 603 (1994); *United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210, 1218 (9th Cir.1994), *amended on denial of reh'g*, 56 F.3d 41 (9th Cir.1995) (concluding that although under *Firearms* the law was clear that civil forfeitures did not constitute punishment for double jeopardy purposes, the Supreme Court has since "changed its collective mind"), *petition for cert. filed*, 64 U.S.L.W. 3161 (U.S. Aug. 28, 1995) (No. 95–346).

As the majority holds, Clementi's criminal conviction does not implicate double jeopardy concerns because jeopardy does not attach upon the mere filing of an administrative claim. Thus, we should leave to another day, in a proper case, the appropriate analysis of whether and under what circumstances a civil penalty may constitute punishment for the purpose of double jeopardy analysis.