_____

No. 95-2079
_____

United States of America,          *
                                   *
          Plaintiff-Appellee,      *   Appeal from the United States
                                   *   District Court for the
     v.                            *   Western District of Missouri.
                                   *
Richard Jay Clementi,              *
                                   *
          Defendant-Appellant.     *

_____

          Submitted:  September 12, 1995

          Filed:  December 1, 1995
_____

Before HANSEN, BRIGHT, and MURPHY, Circuit Judges.
_____

HANSEN, Circuit Judge.

     Richard Jay Clementi appeals from the district court's[1] denial of his motion to dismiss an indictment against him.  Clementi contends that the indictment violates the Double Jeopardy Clause of the Fifth Amendment because he has already suffered a forfeiture of property for the same offense.  We affirm.

**I.**

     The following facts are undisputed.  In February 1994, the government seized 38 weapons from Clementi's residence and place of business.  Because Clementi had previously been convicted of a

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

felony, his possession of the weapons was illegal under 18 U.S.C. §§ 922(g)(1). In March 1994, the government notified Clementi that it had commenced civil forfeiture proceedings under 18 U.S.C. § 924(d) for the firearms. The government subsequently stayed the forfeiture proceedings pending a criminal prosecution, in part because of the uncertain state of the law on double jeopardy. Clementi has not appeared or intervened in the suspended forfeiture proceedings.

In September 1994, Clementi was indicted under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Like the forfeiture proceedings, this indictment was based on Clementi's illegal possession of the firearms seized in February 1994. Clementi entered a guilty plea in January 1995. Subsequently, he filed a motion to dismiss on double jeopardy grounds. The district court denied the motion and sentenced Clementi to 27 months of imprisonment. Clementi appeals.

## II.

The Double Jeopardy Clause of the Fifth Amendment protects against a second prosecution for the same offense after either an acquittal or a conviction and against multiple punishments for the same offense. Schiro v. Farley, 114 S. Ct. 783, 789 (1994). This case involves a civil forfeiture and a criminal prosecution, and does not implicate the multiple prosecutions strand of double jeopardy. The issue before us is whether the district court erred in finding that the indictment did not violate the guarantee against multiple punishments. "We review a district court's denial of a motion to dismiss an indictment on double jeopardy grounds de novo." United States v. Petty, 62 F.3d 265, 267 (8th Cir. 1995).

Clementi asserts that forfeiture under 18 U.S.C. § 924(d) is punishment for purposes of double jeopardy analysis, thus rendering his subsequent indictment for the same offense a violation of the

2

Double Jeopardy Clause. Clementi's assertion rests on the Ninth Circuit's reasoning in United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir. 1994), amended on denial of reh'q, 56 F.3d 41 (9th Cir. 1995), petition for cert. filed, 64 USLW 3161 (U.S. Aug. 28, 1995) (No. 95-346). In Currency, the Ninth Circuit held that civil forfeiture under 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6) constitutes punishment for the purpose of double jeopardy analysis. Id. at 1221. The court reached this decision based upon its interpretation of three recent Supreme Court cases: Department of Revenue of Montana v. Kurth Ranch, 114 S. Ct. 1937 (1994); Austin v. United States, 113 S. Ct. 2801 (1993); and United States v. Halper, 490 U.S. 435 (1989). See Currency, 33 F.3d at 1218-22; 56 F.3d at 42.

Clementi argues that the Ninth Circuit's reasoning in Currency compels the conclusion that forfeitures are punishment within the meaning of double jeopardy. We reject this categorical approach to double jeopardy analysis and follow controlling Supreme Court law on this precise issue. In United States v. One Assortment of 89 Firearms, 465 U.S. 354, 362-66 (1984), the Supreme Court held that 18 U.S.C. § 924(d) is a civil, remedial statute and that the Double Jeopardy Clause does not bar a § 924(d) forfeiture proceeding subsequent to a criminal proceeding. Although the Court has since modified the analysis for determining whether jeopardy attaches, requiring an assessment of whether the forfeiture is "rational[ly] relat[ed] to the goal of compensating the government for its loss," see Halper, 490 U.S. at 449, Firearms is still good law. The Court recently cited Firearms with approval in Austin, 113 S. Ct. at 2805 n.4, 2811, and specifically noted that "the forfeiture of contraband itself may be characterized as remedial because it

3

removes dangerous or illegal items from society," id. at 2811 (citing Firearms).[2]

We have held in the Eighth Amendment context that a forfeiture "which simply parts the owner from the fruits of the criminal activity does not constitute punishment." United States v. $21,282.00 in U.S. Currency, 47 F.3d 972, 973 (8th Cir. 1995) (internal quotations omitted). This holding certainly extends to double jeopardy analysis, for the forfeiture of the fruits of illegal activity is rationally related to the damages of that activity. See Halper, 490 U.S. at 449. Accord United States v. Salinas, 65 F.3d 551, 553-54 (6th Cir. 1995) (finding that a forfeiture of proceeds of illegal activity is not punishment); S.E.C. v. Bilzerian, 29 F.3d 689, 696 (D.C. Cir. 1994) (finding that a disgorgement of illegal gains is not punishment); United States v. Tilley, 18 F.3d 295, 298-300 (5th Cir.) (finding that a forfeiture of drug proceeds is not punishment), cert. denied, Anderson v. U.S., 115 S. Ct. 573 (1994), and Tilley v. U.S., 115 S. Ct. 574 (1994). Because it simply cannot be punishment to take from a criminal that which the law forbids him to possess, the forfeiture of firearms under 18 U.S.C. § 924(d) is not punishment.[3] Accordingly, based on the controlling law of Firearms and our reasoning in $21,282.00 in U.S. Currency, we hold that jeopardy does not attach to a § 924(d) forfeiture of firearms found in the possession of a felon.

_____

[2]To support his assertion that jeopardy attaches, Clementi cites a case from a district court in the Ninth Circuit, United States v. Heitzman, 886 F. Supp. 737 (E.D. Wash. 1994), which held that a § 924(d) forfeiture is punishment and therefore subject to double jeopardy analysis. Heitzman fails to take note of Firearms, however, and consequently fails to observe the Supreme Court's validation of Firearms in Austin. As such, we find the reasoning of Heitzman unpersuasive.

[3]Clementi also argues that he possessed the firearms as an avid gun collector and federally licensed firearms dealer. We find this argument to be unavailing; regardless of his intent, his possession was illegal.

4

Furthermore, even if jeopardy could attach to a § 924(d) forfeiture, we find as a factual matter that the government's stay of the forfeiture proceedings in this case prevented the attachment of jeopardy, because jeopardy does not attach upon the government's mere filing of an administrative claim. Accord United States v. McDermott II, 64 F.3d 1448, 1455 (10th Cir. 1995); United States v. Arreola-Ramos, 60 F.3d 188, 192 (5th Cir. 1995); United States v. Barton, 46 F.3d 51, 52 (9th Cir. 1995); United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.), cert. denied, 115 S. Ct. 669 (1994). Additionally, jeopardy has not attached here because Clementi has not intervened in the forfeiture proceeding.[4] United States v. Pena, 1995 WL 581343 at *2 (8th Cir. Oct. 5, 1995) (citing United States v. Baird, 63 F.3d 1213, 1218-19 (3d Cir.), petition for cert. filed, (U.S. Oct. 17, 1995) (No. 95-630); Arreola-Ramos, 60 F.3d at 192; and Torres, 28 F.3d at 1465-66).

Because jeopardy did not attach to the forfeiture of the firearms, the later criminal punishment could not have subjected Clementi to double jeopardy, and the district court did not err in denying Clementi's motion to dismiss the indictment. Accordingly, we affirm the judgment of the district court.

BRIGHT, Circuit Judge, concurring separately.

I concur in the result. I write separately to observe that the double jeopardy analysis in United States v. One Assortment of

---

[4]Clementi argues that requiring him to intervene in the forfeiture proceeding subjects him to a Hobson's choice, see Webster's Third New International Dictionary 1076 (1986), of either waiving his Fifth Amendment privilege against self-incrimination or waiving his protection against double jeopardy. Claiming ownership of the property by joining the action would not be self-incriminating, however, because the statute at issue does not forbid ownership of firearms. It forbids possessing or transporting firearms in or affecting interstate commerce. See 18 U.S.C. § 922(g)(1).

89 Firearms, 465 U.S. 354 (1984), seems to be undergoing some change.  In
Firearms, the Court focused on whether Congress had attached a "civil" or
"criminal" label to a particular sanction in determining whether that
sanction constituted "punishment."[1]  In United States v. Halper, 490 U.S.
435, 446-51 (1989), and Austin v. United States, 113 S. Ct. 2801, 2805-12
(1993), the Court changed its focus to whether the purposes of the statute
were deterrence and retribution (i.e. punishment) or were remedial in
nature.

The circuits have noticed this modification in analysis.  See United
States v. Baird, 63 F.3d 1213, 1216 (3d Cir.)(stating recent Supreme Court
decisions gave the "no multiple punishments rule" a breadth of effect it
had never before enjoyed), petition for cert. filed, 64 U.S.L.W. 3318 (U.S.
Oct. 17, 1995) (No. 95-630); United States v. Torres, 28 F.3d 1463, 1464-65
(7th Cir.)("When choosing between civil and criminal forfeitures, the
prosecutor will have to recall that after Halper, Austin, and Kurth Ranch
the nomenclature `civil' does not carry much weight."), cert. denied, 115
S. Ct. 669 (1994); United States v. $405,089.23 U.S. Currency, 33 F.3d
1210, 1218 (9th Cir. 1994), amended on denial of reh'g, 56 F.3d 41 (9th
Cir. 1995)(concluding that although under Firearms the law was clear that
civil forfeitures did not constitute punishment for double jeopardy
purposes, the Supreme Court has since "changed its collective mind"),
petition for cert. filed, 64 U.S.L.W. 3161 (U.S. Aug. 28, 1995) (No. 95-
346).

As the majority holds, Clementi's criminal conviction does not
implicate double jeopardy concerns because jeopardy does not attach

_____

[1] Congress has amended 18 U.S.C. § 924(d) since the Supreme
Court decided Firearms in 1984.  In the 1986 amendments Congress
required that certain violations giving rise to the forfeiture be
"knowing" and provided for the release of the seized firearms
upon acquittal or dismissal of the charges.  In Austin, the Court
stated that such "innocent owner" defenses "focus the provisions
on the culpability of the owner in a way that makes them look
more like punishment[.]"  113 S. Ct. at 2810-11.

upon the mere filing of an administrative claim.  Thus, we should leave to another day, in a proper case, the appropriate analysis of whether and under what circumstances a civil penalty may constitute punishment for the purpose of double jeopardy analysis.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

7