_____

No. 95-3200

_____

Kenneth B. Jones,                    *
                                     *
            Appellant,               *
                                     *   Appeal from the United States
     v.                              *   District Court for the
                                     *   Eastern District of Missouri.
United States of America,            *
                                     *        [UNPUBLISHED]
            Appellee.                *


_____

              Submitted:  March 1, 1996

                Filed:  March 7, 1996

_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Kenneth B. Jones appeals from the district court's[1] order denying his
28 U.S.C. § 2255 motion.  After de novo review, we affirm.


     In 1993, Jones pleaded guilty to an information charging him with
attempting to possess with intent to distribute fifteen kilograms or more
of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  In accordance
with the parties' stipulations, the district court sentenced Jones to 151
months imprisonment and five years supervised release, and ordered Jones
to pay a $5,000

_____

[1]The Honorable George F. Gunn, Jr., United States District
Judge for the Eastern District of Missouri, adopting the report and
recommendation of the Honorable Lawrence O. Davis, United States
Magistrate Judge for the Eastern District of Missouri.

fine; Jones did not appeal.

In 1994, Jones filed this section 2255 motion arguing, among other things, that the district court erred by assessing a firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1); that his prosecution and conviction for the drug offense was barred on double jeopardy grounds based on the uncontested administrative forfeiture of $43,100; and that trial counsel was ineffective for failing to raise these issues on direct appeal. The district court denied Jones's motion on the merits.

We have repeatedly stated that "[a] defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal." United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (citing United States v. Durham, 963 F.2d 185, 187 (8th Cir.), cert. denied, 506 U.S. 1023 (1992), and United States v. Fritsch, 891 F.2d 667, 668 (8th Cir. 1989)). Here, the record shows that at sentencing James explicitly and voluntarily stipulated to a 151-month sentence. Because the firearm enhancement claim Jones now asserts directly challenges that sentence, we conclude he is foreclosed from raising it. We also conclude that Jones's double jeopardy claim is foreclosed by this court's opinion in United States v. Clementi, 70 F.3d 997, 1000 (8th Cir. 1995). Accordingly, we need not consider whether Jones was denied effective assistance. See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994) (no ineffective assistance if claim defendant alleges counsel should have pursued is meritless).

Finally, we will address neither the claims Jones raises for the first time on appeal, see Thomas v. United States, 27 F.3d 321, 325 (8th Cir. 1994), nor the issue raised for the first time in his reply brief, see Falco Lime, Inc. v. Tide Towing Co., 29 F.3d 362, 367 n.6 (8th Cir. 1994).

The judgment is affirmed.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.