81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodger Joel ALDRIDGE, Defendant-Appellant.
 No. 95-10219.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1996.
Decided March 8, 1996.
 
 1
 Before: CANBY and KLEINFELD, Circuit Judges, and COLLINS, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 We decide this case on alternative and independent grounds.
 
 
 4
 First, forfeiture of the firearms and silencers could not amount to double jeopardy, as Aldridge argues, because the forfeiture is not punitive in nature. Second, even if it were, there would be no double jeopardy because Aldridge abandoned the firearms.
 
 
 5
 The first point is controlled by United States v. One Assortment of 89 Firearms, 465 U.S. 354 (1984). The Court held that "Congress viewed § 924(d) forfeiture as a remedial civil sanction rather than a criminal punishment." Id. at 364. The Court understood the congressional purpose to be "removing from circulation firearms that have been used or intended for use outside regulated channels of commerce." Id. The Supreme Court has most recently cited 89 Firearms in Austin v. United States, 113 S.Ct. 2801 (1993). There the Court stated, "The double jeopardy clause has been held not to apply in civil forfeiture proceedings, but only in cases where the forfeiture could properly be characterized as remedial. See United States v. One Assortment of 89 Firearms." Id. at 2804 & n. 4.
 
 
 6
 Appellant cites United States v. Heitzman, 886 F.Supp. 737 (E.D.Wash.1994), for the proposition that under United States v. $405,089.23, 33 F.3d 1210 (9th Cir.1994), amended, 56 F.3d 41 (1995), cert. granted sub nom. United States v. Usery, 116 S.Ct. 762 (Jan. 12, 1996), the forfeiture of the firearms must now be considered punishment. We are unable to adopt the holding of that district court case, because the decision of the Supreme Court in 89 Firearms directly controls. "If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." Rodriguez de Quijas v. Shearson/American Express, Inc., 109 S.Ct. 1917, 1921-22 (1989). 89 Firearms compels us to construe the forfeiture in the case at bar as remedial and not punitive, therefore it does not give rise to the possibility of double jeopardy under $405,089.23.
 
 
 7
 In the alternative, and without regard to whether 89 Firearms remains good law, Aldridge's double jeopardy argument under $405,089.23 must fail under United States v. Cretacci, 62 F.3d 307 (9th Cir.1995). We held in Cretacci that "an administrative forfeiture of unclaimed property simply constitutes the taking of abandoned property," and "imposes no 'punishment' for the purposes of the double jeopardy clause." Cretacci, 62 F.3d at 310. We concluded in that case that an owner of property "who receives notice of the intended forfeiture and fails to claim an ownership interest in the property has effectively abandoned it." Id. That is what happened in this case. Aldridge received notice of the intended forfeiture and failed to file a claim to the property. Although he wrote several letters asserting an ownership interest, Aldridge never filed an actual claim. He did not post the bond required by the administrative regulations. Aldridge was also informed that he could file an in forma pauperis affidavit in lieu of a bond, but he did not exercise that option.[1] He has not argue that the requirement that a claim be accompanied by an affidavit or a bond is invalid.
 
 
 8
 Aldridge additionally argues that he has been denied due process because the government has not issued a declaration of forfeiture despite the passage of three years. The forfeiture proceeding was initiated within four months of the seizure, a reasonable time. See United States v. Von Neumann, 474 U.S. 242, 247 (1986). The Court held in Von Neumann that "the forfeiture proceeding, without more, provides the post-seizure hearing required by due process." Id. at 249. The government has "the discretion not to pursue a complete forfeiture despite the Government's entitlement to one," because remission proceedings provide a way to "resolve a dispute informally rather than in judicial forfeiture proceedings." Id. at 250. Aldridge's due process right to contest the government's authority to forfeit the weapons was satisfied by the availability of the administrative claim and remission procedures.
 
 
 9
 We accordingly AFFIRM the district court's denial of Aldridge's motion to dismiss his indictment based on double jeopardy. Judge Canby concurs in the disposition only on the alternative ground, that Aldridge has abandoned any interest in his property.
 
 
 
 *
 The Honorable Audrey B. Collins, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court also made a finding that Aldridge had the money to post the bond