No. 95-1686

United States of America,                     *
                                              *
            Appellee,                         *
                                              *   Appeal from the United States
      v.                                      *   District Court for the
                                              *   District of Minnesota.
Todd Aaron Flann,                             *
                                              *        [UNPUBLISHED]
            Appellant.                        *

                  Submitted:  March 15, 1996

                      Filed:  March 19, 1996

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

During the execution of a search warrant incident to a narcotics investigation, the Drug Enforcement Administration (DEA) seized cash from a safe deposit box belonging to Todd Aaron Flann. The DEA later notified him that the cash was subject to forfeiture because it had been used or acquired as a result of a drug-related offense. When no claims were filed within the period set forth in the notice of seizure, the DEA declared the money forfeited. Flann later pleaded guilty to conspiring to launder money, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(ii) and 1956(g). Prior to sentencing, he moved under Federal Rule of Criminal Procedure 12(b)(2) to dismiss the indictment, arguing that he previously was punished for the same offense when the money in his safe deposit box was forfeited. The district court[1] denied the motion and

---

[1]The HONORABLE MICHAEL J. DAVIS, United States District Judge for the District of Minnesota.

imposed sentence.  Flann now appeals the denial of his Rule 12(b)(2) motion, and we affirm.

"The Double Jeopardy Clause of the Fifth Amendment protects against a second prosecution for the same offense after either an acquittal or a conviction and against multiple punishments for the same offense."  United States v. Clementi, 70 F.3d 997, 999 (8th Cir. 1995).  Reviewing the district court's denial of Flann's motion de novo, see id., we agree with the court that Flann's double jeopardy claim fails, because he did not contest the administrative forfeiture at issue.  See United States v. Sykes, 73 F.3d 772, 773-74 (8th Cir. 1996); Clementi, 70 F.3d at 1000.

Flann argues that he sufficiently contested the proceeding for double jeopardy purposes when he filed a petition for remission (which the DEA later denied) after receiving the notice of seizure.  We disagree.  See United States v. German, 1996 WL 37658, No. 95-2162, at *3-*5 (10th Cir. Jan. 31, 1996) (jeopardy did not attach when defendant failed to judicially contest forfeiture of semi-truck by filing claim of ownership and bond, and elected only to pursue administrative remedy by filing petition for remission); United States v. Vega, 72 F.3d 507, 514 (7th Cir. 1995) (for jeopardy to attach to forfeiture proceeding, defendant had to file claim; petition for remission and mitigation was not sufficient).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-