27 F.3d 572
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Rick Eugene IMPOLA, Appellant.
 No. 94-1183.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 21, 1994.
Filed: June 24, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rick Eugene Impola appeals the 60-month sentence imposed by the District Court[1] after he pleaded guilty to conspiracy to manufacture marijuana in violation of 21 U.S.C. Secs. 841(b)(1)(B) (1988 & Supp. IV 1992), 846 (1988). We affirm.
 
 
 2
 At sentencing, Ross Allen Swanstrom, an unindicted coconspirator, testified that he believed Impola initially was growing about 175 marijuana plants in the basement of Mallory's Restaurant, but only about 150 survived. Paul Slattengren, who resided on Rice Lake Road property, testified that he permitted Impola to grow marijuana on the property and that he counted approximately 60 plants. Impola testified that he grew 60 plants at Mallory's, 8 plants on the Rice Lake Road property in 1990, and 28 plants there in 1991. Special Agent Kevin Peters testified that officers found a loaded pistol and one pound of packaged marijuana in Impola's bedroom.
 
 
 3
 The District Court found that Swanstrom's testimony was credible and that there were 150 plants in the basement of Mallory's, that Slattengren's testimony was credible and that there were 60 plants at the Rice Lake Road property, and that, as a result, Impola was responsible for 210 marijuana plants-between 100 and 400 kilograms of marijuana. The court also imposed a two- level enhancement to Impola's base offense level pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1(b)(1) (Nov. 1993) for possession of a dangerous weapon. Impola argues that he was responsible for only 96 plants, and therefore the 60- month statutory mandatory minimum was inapplicable. Impola also argues that the court clearly erred by imposing a two-level firearm enhancement.
 
 
 4
 We review a district court's drug quantity determination for clear error. See United States v. Clark, 980 F.2d 1143, 1147 (8th Cir. 1992) (per curiam). We note that Impola "faces a difficult burden on appeal [because] [w]e reverse only if the entire record leaves us with the definite and firm conviction that a mistake has been committed." United States v. Simmons, 964 F.2d 763, 773 (8th Cir.) (internal quotation marks and citations to quoted cases omitted), cert. denied, 113 S. Ct. 632 (1992). Although Impola questions the veracity of Swanstrom's and Slattengren's testimony because they were cooperating with the government, the District Court's credibility determinations are "virtually unreviewable on appeal," United States v. Adipietro, 983 F.2d 1468, 1479 (8th Cir. 1993) (citation to quoted case omitted); "[w]here there are two permissible views of the evidence, the [District Court]'s choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985). As a result, we conclude that the District Court did not clearly err by determining that Impola was responsible for 210 marijuana plants.
 
 
 5
 We conclude that the District Court's imposition of the two- level enhancement for possession of a firearm is unreviewable. See United States v. Simpkins, 953 F.2d 443, 446 (8th Cir.), cert. denied, 112 S. Ct. 1988 (1992) (if sentencing court clearly would have imposed same sentence regardless of whether argument for lower guideline range ultimately prevailed, matter is not reviewable). After the court found Impola responsible for more than 100 marijuana plants, the minimum sentence was 60 months-the sentence imposed. Even if this Court found the two-level enhancement inappropriate, Impola's sentence would remain the same.
 
 
 6
 Accordingly, the sentence imposed by the District Court is affirmed.
 
 
 
 [1]
 The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota