_____

No. 95-1568
_____

United States of America,           *
                                     *
           Appellee,                 *    Appeal from the United States
                                     *    District Court for the
      v.                             *    District of North Dakota.
                                     *
Dean J. Smith,                       *
                                     *
           Appellant.                *
                        _____

            Submitted: October 17, 1995

              Filed: January 31, 1996
                        _____

Before WOLLMAN, FLOYD R. GIBSON, and MORRIS SHEPPARD ARNOLD,
      Circuit Judges.
                        _____

MORRIS SHEPPARD ARNOLD, Circuit Judge.


      Dean J. Smith appeals from his conviction for distributing
methamphetamine, arguing that the criminal proceeding against him
subjected him to double jeopardy in violation of the Fifth
Amendment to the United States Constitution.    We affirm the
district court.[1]


                              I.

      On September 21, 1994, the United States filed an indictment
charging Mr. Smith with two counts of distributing methamphetamine,
the first of which laid the relevant events at 341 20th Street
North, Fargo, North Dakota, and the second of which laid them at

_____

      [1]The Honorable Rodney S. Webb, Chief Judge, United States
District Court for the District of North Dakota.

102 24th Street South, also in Fargo.  Two days later the United States initiated a civil forfeiture action against Mr. Smith's house located at 117 4th Avenue East, West Fargo, North Dakota, alleging that Mr. Smith had used the house to facilitate illegal drug transactions in violation of 21 U.S.C. § 881(a)(7).  An affidavit attached to the complaint stated, <u>inter alia</u>, that Mr. Smith confessed to police that he had repeatedly received drugs at that address.  The affidavit also mentioned the two incidents alleged in the indictment, though no connection between them and the house was drawn.

Mr. Smith pleaded guilty to count one of the indictment.  He also stipulated to a settlement of the forfeiture.  Mr. Smith later moved to dismiss the indictment on the grounds that the criminal prosecution violated his right to be free from double jeopardy because of the civil forfeiture proceeding.  The district court concluded that Mr. Smith's double jeopardy rights were not violated and denied the motion.

In the discussion that follows, we assume, without deciding, that jeopardy attached in the civil forfeiture proceeding before it attached in the criminal matter, for otherwise Mr. Smith's double jeopardy claim is not even colorable.

## II.

The Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V.  It appears to us, first of all, that the criminal proceeding of which Mr. Smith complains was for different conduct from that that provided the predicate for the forfeiture proceeding, and thus it did not involve "the same offence" as that proceeding.  The methamphetamine sales for which Mr. Smith was indicted appear to have occurred at locations away from the forfeited property, and thus had no factual connection with the forfeited property's facilitation, if any, of drug dealing.

-2-

Because the civil penalties and criminal punishment were seemingly not imposed for the same conduct in this case, it is not easy to see how it presents a double jeopardy issue. See United States v. Mathis, 980 F.2d 496, 497 (8th Cir. 1992). The government, however, failed to argue this point below, and we are therefore reluctant to base our decision on this ground.

## III.

The Double Jeopardy Clause protects against efforts to impose punishment for the same offense in two or more separate proceedings; double jeopardy concerns are not implicated, however, where multiple punishments are imposed for the same offense in a single proceeding, so long as Congress intended that result. See United States v. Halper, 490 U.S. 435, 450 (1989); Missouri v. Hunter, 459 U.S. 359, 368-69 (1983). The government seemingly has conceded in this case that the forfeiture amounts to a punishment, and we feel, as we just indicated, foreclosed from considering whether the two cases involve the same conduct; so the remaining issue is whether the criminal and civil cases can be considered a single procedural entity for double jeopardy purposes. The government successfully argued in the district court that the civil suit and the criminal case were properly considered to be the same proceeding. Courts of appeals have taken differing views on this matter, but before canvassing those cases, we review several recent Supreme Court holdings that are of manifest relevance.

In United States v. Halper, supra, a medical doctor was convicted and punished for filing false medical claims; the government later sued him in a civil action and subjected him to a $130,000 civil fine for a $585 fraud. The Supreme Court concluded that such a disproportionate assessment could only be characterized as deterrent or retributive rather than remedial, and was therefore a punishment within the meaning of the Double Jeopardy Clause. Halper, 490 U.S. at 448-49. Because the criminal penalty and the civil judgment arose from the same conduct and were adjudicated

-3-

through separate proceedings, Dr. Halper was deemed to have been subjected to an unconstitutional double jeopardy.  More recently, the Court concluded in Dept. of Revenue of Montana v. Kurth Ranch, 114 S. Ct. 1937 (1994), that the assessment of a civil tax on the possession of illegal drugs, levied months after initiation of a criminal prosecution based on possessing those drugs, violated the principle of double jeopardy.  The Court found that such a tax cannot be considered a civil remedial measure.  It is a form of punishment which "must be imposed during the first prosecution or not at all."  114 S. Ct. at 1498.

Courts of appeals have disagreed as to whether a separate civil forfeiture proceeding may be brought based on conduct that is also the basis for a criminal prosecution.  The Second and Eleventh Circuits have concluded that concurrent civil and criminal proceedings, based on the same facts, do not violate the Double Jeopardy Clause when the separate proceedings take the form of a "single, coordinated prosecution."  United States v. One Single Family Residence Located at 18755 North Bay Road, 13 F.3d 1493, 1499 (11th Cir. 1994); United States v. Millan, 2 F.3d 17, 20-21 (2d Cir. 1993), cert. denied, 114 S. Ct. 992 (1994).  Millan noted that the law does not prevent the government from seeking and obtaining both the full civil penalty and the full range of statutorily-authorized criminal penalties in the same proceeding, and that "it is well established that Congress may impose multiple punishments for a single crime without violating the Constitution's double jeopardy restrictions."  Millan, 2 F.3d at 20.  The defendants in Millan pointed out that the civil and criminal actions were filed separately with their own docket numbers.  "This factor, however, is not dispositive in determining whether the government is employing a single proceeding in its prosecution of a defendant.  Civil and criminal suits, by virtue of our federal system of procedure, must be filed and docketed separately."  Id. Instead, the court must "examine the essence of the actions at hand by determining when, how, and why the civil and criminal actions

-4-

were initiated." Id. In Millan, warrants for the civil seizures and criminal arrests were issued on the same day, by the same judge, based on the same affidavit by a federal agent. The parties' stipulation in the civil case involved not only properties which were the subject of the civil suit, but properties named in the criminal indictment which were under restraining order. The civil complaint also incorporated the criminal indictment. The defendants were aware of the criminal charges when they entered into the civil stipulation. There was, in addition, no suggestion that the government acted abusively by seeking a second punishment after an unsatisfactory initial prosecution. 2 F.3d at 20-21. In light of these circumstances, the Millan court concluded that the civil and criminal actions were but different aspects of a single prosecution. In One Single Family Residence, the Eleventh Circuit closely followed the reasoning of Millan in approving concurrent civil and criminal prosecutions. 13 F.3d at 1499.

By contrast, the Ninth Circuit has opined that a "single, coordinated prosecution" violates the Double Jeopardy Clause. United States v. $405,089.23, 33 F.3d 1210 (9th Cir. 1994), amended on denial of reh'g en banc, 56 F.3d 41 (9th Cir. 1995), cert. granted, 64 U.S.L.W. 3161 (U.S. Jan. 12, 1996) (No. 95-346). The $405,089.23 court noted the position taken in Millan and One Single Family Residence and concluded that it "contradicts controlling Supreme Court precedent as well as common sense." 33 F.3d at 1216. The court stated:

> We fail to see how two separate actions, one civil and one criminal, instituted at different times, tried at different times before different factfinders, presided over by different district judges, and resolved by separate judgments, constitute the same "proceeding." A forfeiture case and a criminal prosecution would constitute the same proceeding only if they were brought in the same indictment and tried at the same time.

Id. (footnote omitted). The court asserted that the government could have avoided the problem of parallel proceedings by bringing a criminal forfeiture count in the criminal indictment. While

seven judges of the Ninth Circuit dissented from the order rejecting the suggestion for rehearing en banc, they appeared to be concerned with the question of whether the forfeiture was a punishment, not the issue of what constituted a single proceeding. See 56 F.3d at 42-43. The Seventh Circuit has expressed similar doubts about the propriety of the "single, coordinated prosecution" theory. See United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.), cert. denied, 115 S. Ct. 669 (1994) (dictum). United States v. Ursery, 59 F.3d 568 (6th Cir. 1995), cert. granted, 64 U.S.L.W. 3161 (U.S. Jan. 12, 1996) (No. 95-345), seemed sympathetic to the reasoning in $405,089.23 but held that even under the rule in Millan the government failed to prove a single, coordinated prosecution because the two actions "were instituted four months apart, presided over by different district judges, and resolved by separate judgments." 59 F.3d at 575.

With respect, we are persuaded that the reasoning of $405,089.23 elevates form over substance in its judgment that the government can never seek, even concurrently, criminal and civil penalties arising from the same conduct. It is a feature of our system of justice that criminal and civil matters are adjudicated in separate cases, and while separate actions will lead to separate trials before different factfinders at different times, this commonplace observation about the administration of justice in our country should not force federal prosecutors into a difficult choice of whether to seek solely criminal penalties or solely civil penalties. It does not appear that Congress intended any such a dilemma in providing for both criminal and civil penalties for illegal drug trafficking in Title 21. See generally S. Rep. No. 225, 98th Cong., 2d Sess. 191-197, reprinted in 1984 U.S.C.C.A.N. 3182, 3374-80 (legislative history of criminal forfeiture provisions and revisions to civil forfeiture provisions).

We believe that the most important consideration in these kinds of cases is whether the government pursued its remedies

against the defendant concurrently or filed a second action after it was dissatisfied with its initial attempt to prosecute a particular crime. Halper, 490 U.S. at 451 n. 10; Millan, 2 F.3d at 20-21. The facts in this case give us no cause for concern on this score. A single, coordinated prosecution, moreover, does not require that the government provide cross-references between the indictment and the civil complaint, or that the same judge preside over both cases, or that there should be a common judgment. We ask instead some common-sense questions: whether the government initiated its parallel actions at, or very close to, the same time, and whether there is some evidence of coordination of the two matters that connects them in an obvious way. The two cases against Mr. Smith were instituted within two days of each other, the same assistant United States attorney appears to have represented the government in each, and the affidavit attached to the civil forfeiture complaint made reference to the incidents for which Mr. Smith was indicted, even though they were not obviously relevant to the forfeiture matter. In addition, Mr. Smith signed a settlement of the forfeiture action one day before he pleaded guilty to the criminal indictment, and the government signed it the day after the entry of the guilty plea. All of these circumstances provide strong indications of coordination. We conclude that the two cases were merely different aspects of a single prosecution and therefore that Mr. Smith was not subjected to double jeopardy.

## IV.

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.