_____

No. 95-1847
_____

United States,                          *
                                        *
              Appellee,                 *
                                        *
     v.                                 *   Appeal from the United States
                                        *   District Court for the
Robert Melvin Volanty,                  *   Western District of Missouri
                                        *
              Appellant.                *

_____

Submitted:   January 9, 1996

Filed:    March 7, 1996
_____

Before WOLLMAN, CAMPBELL,[*] and MURPHY, Circuit Judges.
_____

MURPHY, Circuit Judge.


     Robert Melvin Volanty appeals from the denial of his supplemental
motion for the return of property pursuant to Federal Rule of Criminal
Procedure 41(e).  In late 1992 Volanty's hotel room was searched and drugs,
a firearm, and a large amount of currency were seized.  He was arrested,
and early in 1993 he was indicted and administrative forfeiture proceedings
were initiated.  He was convicted on all counts in May, and a default
forfeiture of the currency was entered in June.  Volanty had not received
notice of the administrative forfeiture proceeding, however, and he moved
in the district court to return the currency because the government had
acted in bad faith and because of the constitutional

_____

*The HONORABLE LEVIN H. CAMPBELL, United States Circuit
Judge for the First Circuit, sitting by designation.

prohibition against double jeopardy. The district court[1] declined to return the property and ordered the government to commence a judicial forfeiture proceeding. We affirm.[2]

On November 21, 1992, officers from the Springfield Police Department (SPD) seized $19,996 from Volanty's hotel room pursuant to a consent search. The officers also discovered and seized marijuana, cocaine, and a firearm. Volanty admitted that the drugs, weapon and cash were his, but he stated that he had "found" the money. Volanty was arrested and taken into state custody. At the time of his arrest he gave his address as "General Delivery, Springfield, MO 65801."

On January 7, 1993, the United States filed an indictment charging Volanty with conspiracy to distribute cocaine during the period from October 22 through November 21, 1992, in violation of 21 U.S.C. § 846, possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), use and carrying of a firearm during and in relation to the drug offenses, in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The charges in the indictment were based on the cocaine and firearms seized by the SPD from Volanty's hotel room at the time of his arrest on November 21, 1992, the same time that the currency was seized. Volanty pled not guilty, and a jury convicted him of all four counts on May 4, 1993. He was sentenced on July 15, 1993 to a total term of 350 months imprisonment.

While the criminal prosecution on drug and firearms charges

---

[1] The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

[2] Volanty has filed a motion to file a supplemental appendix consisting of medical records. Because the records are not relevant to the legal issues presented, the motion is denied.

2

proceeded, steps were being taken for the forfeiture of the seized currency.  On February 5, 1993, the SPD turned the money over to the Drug Enforcement Administration (DEA), which began forfeiture proceedings.  On March 17, 1993, Volanty was sent a Notice of Seizure by certified mail. He was in federal custody at that time, but the DEA sent the notice to the address he had provided at the time of his arrest.  It was "returned to sender."  The DEA also published notice of the seizure, starting on March 24, 1993, and no claims were filed.  On June 25, 1993 the DEA declared forfeiture as to the $19,966.

Nearly nine months later, Volanty filed a pro se motion for return of seized property.  He asserted that the currency had been unlawfully seized and was not subject to forfeiture.  After the government responded that the currency had already been forfeited, Volanty asserted that he had not received proper notice of the administrative proceeding.  At a hearing on the motion, the government acknowledged that Volanty's due process rights had been violated in the administrative forfeiture and suggested that the proper remedy would be to initiate a new proceeding, which it was prepared to do immediately.  The district court did not rule on the motion at that time and appointed counsel to represent Volanty on the matter.

Volanty later filed a supplemental motion for return of the seized currency in which he reasserted his original claims and also argued that the proper remedy to the due process violation was to order the money returned to him.  He claimed that the government should not be allowed to initiate a new proceeding because it had acted in bad faith and because forfeiture of the currency would violate double jeopardy.

On January 23, 1995, the district court entered an order denying Volanty's supplemental motion to return the seized

property.[3]  It held that Volanty's due process rights had been violated by the original forfeiture proceeding and determined that the proper remedy was to allow the government to begin anew and to file forfeiture proceedings in district court.  The court declined to discuss double jeopardy, stating that the defendant could assert all available defenses after a judicial forfeiture proceeding was initiated.[4]

Volanty argues on appeal that the district court abused its discretion when it allowed the government to commence judicial forfeiture proceedings instead of ordering the currency returned to him.  He claims that the government acted in bad faith when it mailed the forfeiture notice to general delivery and that forfeiture of the currency would constitute double jeopardy because he has already been convicted and punished for related offenses.  The government does not dispute that the administrative forfeiture should be set aside, but argues that it was appropriate for it to be permitted to correct its error and to commence a judicial forfeiture proceeding.

When an administrative forfeiture is void for lack of notice, a district court "must set aside the forfeiture Declaration and order DEA either to return [the] property or commence judicial forfeiture in the district court."  United States v. Woodall, 12 F.3d 791, 795 (8th Cir. 1993).  The parties agree that the district court has the discretion to choose between the remedies and that its decision should be reviewed under an abuse of discretion standard.

_____

[3]In a separate order on the same day, the district court denied as moot Volanty's pro se motion.  Volanty does not appeal from that order.

[4]The government filed a civil forfeiture action the day after the district court's order was filed.  The forfeiture action remains pending.

4

Volanty first claims that return of his property is the required remedy in this case because the government acted in bad faith. The record does not support his assertion, however. The DEA attempted to notify the defendant by mail and published notification in the newspaper. At the hearing on the motion for the return of the property, the government admitted error and agreed to correct it by instituting new proceedings. The district court noted that Volanty had given general delivery as his address and that was the information forwarded to the DEA. The court did not err in declining to find bad faith on the part of the government.

Volanty also argues that the district court abused its discretion by allowing the commencement of a new forfeiture proceeding when forfeiture of the currency would violate the double jeopardy clause of the Fifth Amendment. He claims that double jeopardy bars the government from seeking forfeiture because he has already been punished in a criminal action for the same offenses that would be the basis of the forfeiture action. Multiple punishments may not be imposed for the same offense. United States v. Halper, 490 U.S. 435, 440 (1989). Volanty asserts that civil forfeiture of drug proceeds is not merely a remedial sanction because it has "penal and prohibitory intent" similar to Montana's drug possession tax which was held to constitute punishment. See Department of Revenue of Montana v. Kurth Ranch, 114 S. Ct. 1937, 1947 (1994) (state drug tax constitutes punishment for purposes of double jeopardy analysis). He also argues that his criminal prosecution and the civil forfeiture action are necessarily separate proceedings and therefore cannot both be pursued.

The district court explicitly declined to rule on the merits of Volanty's double jeopardy argument, stating that his claim could be raised as a defense to any future forfeiture proceeding. We agree that the issue was raised prematurely and conclude that it was not an abuse of discretion for the district court to require

5

the defendant to raise it as a defense in the forfeiture proceeding. See Woodall, 12 F.3d at 795. Double jeopardy is not typically addressed before a case is even filed. Once the new proceeding was initiated, Volanty was simply in the same position as any other defendant asserting a double jeopardy claim.

The merits of Volanty's double jeopardy argument are not before us at this time. Because the factual record is not complete, the argument should be addressed in the first instance by the district court in the judicial forfeiture action. The court must consider whether civil forfeiture of the currency would constitute punishment and whether the separate criminal prosecution and civil forfeiture action in this case were parts of a single coordinated prosecution.

A civil penalty may constitute punishment for double jeopardy purposes if it is not remedial in nature, but serves "only as a deterrent or retribution." Halper, 490 U.S. at 449. A civil forfeiture is considered to be remedial if it is "rational[ly] relat[ed] to the goal of compensating the government for its loss." Id. A determination that the currency is drug proceeds may be relevant to whether its forfeiture constitutes punishment. See United States v. Clementi, 70 F.3d 997 (8th Cir. 1995) (forfeiture of firearms under 924(d) is not punishment because forfeiture of the fruits of illegal activity is rationally related to the damages of that activity). Here, the government has not yet had an opportunity to establish a connection between the currency and the drug related offenses, nor has Volanty had a chance to challenge any such showing.

Concurrent civil and criminal proceedings, based on the same facts, do not violate the double jeopardy clause when the separate proceedings take the form of a "single, coordinated prosecution." United States v. Smith, No. 95-1568, slip op. at 7, 1996 WL 34552 (8th Cir. January 31, 1996); but see United States v. $405,089.23,

6

33 F.3d 1210 (9th Cir. 1994), amended on denial of reh'g en banc, 56 F.3d 41 (9th Cir. 1995), cert. granted, 116 S. Ct. 762 (1996). To determine whether both are part of a single prosecution requires examining "the essence of the actions at hand by determining when, how, and why the civil and criminal actions were initiated." United States v. Millan, 2 F.3d 17, 20 (2d Cir. 1993), cert. denied, 114 S. Ct. 992 (1994). The court must ask "common-sense questions" such as "whether the government initiated its parallel actions at, or very close to, the same time and whether there is come evidence of coordination of the two matters that connects them in an obvious way." Smith, slip op. at 7. The most important consideration is whether the government pursued its remedies against the defendant concurrently or filed a second action after it was dissatisfied with its initial attempt to prosecute a particular crime. Id.

The judicial forfeiture proceeding is the appropriate forum for the development of the facts relevant to Volanty's double jeopardy arguments. Volanty has already asserted his claims there as a defense to the forfeiture action.

In conclusion, we hold that the district court did not abuse its discretion in denying Volanty's supplemental motion for the return of the seized currency. Accordingly, the order of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

7