_____

No. 95-2499
_____

Rick Eugene Impola,                    *
                                       *
            Appellant,                 *
                                       *   Appeal from the United States
      v.                               *   District Court for the
                                       *   District of Minnesota.
United States of America,              *
                                       *        [UNPUBLISHED]
            Appellee.                  *

_____

                    Submitted:  March 25, 1996

                        Filed:  March 27, 1996
                    _____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
                    _____

PER CURIAM.

      Rick Eugene Impola appeals the District Court's[1] denial of his 28
U.S.C. § 2255 (1994) motion to vacate, set aside, or correct his sentence.
We affirm.

      Impola pleaded guilty to conspiring to manufacture marijuana in
violation of 21 U.S.C. § 846 (1994).  On direct appeal, this Court affirmed
his sixty-month sentence.  United States v. Impola, No. 94-1183, 1994 WL
279282 (8th Cir. June 24, 1994) (per curiam).  Impola filed this section
2255 motion, alleging that his criminal conviction constituted double
jeopardy because of a previous civil forfeiture, and that his counsel was
constitutionally ineffective for failing to raise the double jeopardy
argument.

_____

      [1]The Honorable Richard H. Kyle, United States District Judge
for the District of Minnesota.

The District Court's decision that the Double Jeopardy Clause did not apply was a legal determination, which this Court reviews de novo, see United States v. Clementi, 70 F.3d 997, 999 (8th Cir. 1995), and as Impola's section 2255 motion was denied without an evidentiary hearing, this Court should affirm only if the motion, files, and record conclusively show Impola was not entitled to relief, see United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 116 S. Ct. 224 (1995).

Impola's argument is foreclosed by this Court's recent decision in United States v. Smith, 75 F.3d 382, 385-86 (8th Cir. 1996) (holding defendant not subjected to double jeopardy where civil forfeiture and criminal prosecution were merely different aspects of "single, coordinated prosecution"). The government initiated the civil forfeiture proceeding and the criminal prosecution "at, or very close to, the same time." Id. at 386. Furthermore, the civil forfeiture complaint and supporting affidavit made reference to the other events for which Impola was indicted; and a co-defendant was indicted for the events that led to the civil forfeiture of Impola's residence. See id. (finding most important consideration "is whether the government pursued its remedies against the defendant concurrently or filed a second action after it was dissatisfied with its initial attempt to prosecute a particular crime"; this Court asks "common-sense questions," including "whether there is some evidence of coordination of the two matters that connects them in an obvious way"). As Impola was not subjected to double jeopardy, his counsel was not ineffective.

Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.