_____

No. 95-3544
_____

Loyd William Brody, Jr.,          *
                                  *
          Appellant,              *
                                  *   Appeal from the United States
     v.                           *   District Court for the
                                  *   Eastern District of Arkansas.
United States of America,         *
                                  *   **[UNPUBLISHED]**
          Appellee.              *

_____

          Submitted:  May 7, 1996

            Filed:  May 10, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     Loyd Brody pleaded guilty to one count of conspiring to possess with
intent to distribute one pound of methamphetamine in violation of 21 U.S.C.
§§ 841 and 846, and consented to one count of criminal forfeiture of the
drug proceeds under 21 U.S.C. § 853.  Accordingly, in November 1994 the
district court[1] ordered forfeiture of $10,595.00, and in December 1994
sentenced Brody to 78 months imprisonment and four years supervised
release.  The district court denied Brody's subsequent 28 U.S.C. § 2255
motion claiming ineffective assistance of counsel, and this appeal
followed.


     Upon de novo review, we are convinced that the motion, files,

_____

     [1]The HONORABLE SUSAN WEBBER WRIGHT, United States District
Judge for the Eastern District of Arkansas.

and records conclusively show Brody is not entitled to relief. See United States v. Duke, 50 F.3d 571, 576 (8th Cir.) (standard of review), cert. denied, 116 S. Ct. 224 (1995); Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (ineffectiveness standard). Because the government brought the criminal forfeiture count in the criminal indictment, and Brody pleaded guilty to the methamphetamine count and consented to the forfeiture during the same proceeding, Brody was not subjected to double jeopardy. See United States v. Smith, 75 F.3d 382, 384 (8th Cir. 1996) (double jeopardy concerns do not arise when congressionally-authorized multiple punishments are imposed in single proceeding). Thus, Brody's counsel was not ineffective for failing to raise this issue. Nor was counsel ineffective for failing to challenge the type of methamphetamine used in calculating Brody's sentence: the base offense level to which Brody agreed was clearly based on D-methamphetamine, and he has neither alleged nor shown that the drug was in fact L-methamphetamine.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.