_____

No. 95-3584
_____

Carlos Casas,                          *
                                       *
        Appellant,          *
                                       *
    v.                                 *
                                       *
United States of America,   *
                                       *
        Appellee,                      *
                                       *  Appeal from the United States
--------------------        *    District Court for the
                                       *  Southern District of Iowa
Efren Casas,                           *
                                       *        [UNPUBLISHED]
        Appellant,          *
                                       *
    v.                                 *
                                       *
United States of America,   *
                                       *
        Appellee.           *

_____

        Submitted:  September 27, 1996

        Filed:  October 15, 1996
_____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
_____


PER CURIAM.


    Carlos Casas and Efren Casas appeal from the final judgment of the
District Court[1] for the Southern District of Iowa denying their 28 U.S.C.
§ 2255 motion to vacate their sentences.  For the reasons discussed below,
we affirm.

_____

    [1]The Honorable Charles R. Wolle, Chief Judge, United States
District Court for the Southern District of Iowa.

A jury found Carlos and Efren Casas guilty of conspiring to distribute cocaine and distributing it, in violation of 21 U.S.C. §§ 841 (a)(1) and 846. The district court sentenced Carlos to 174 months imprisonment and Efren to 168 months, and defendants appealed. The district court also determined that two pieces of property were forfeitable under 21 U.S.C. § 853(a)(2). Neither defendant appealed the forfeiture decision.

On direct appeal, we affirmed defendants' drug convictions. We rejected defendants' argument that the district court erred in admitting under Fed. R. Civ. P. 404(b) evidence of Efren's 1987 arrest, concluding that the evidence was properly admitted as evidence of the charged conspiracy to show the brothers had agreed to sell cocaine, which precluded the need to address admission under Rule 404(b). We also held that in the absence of a notice of appeal of the forfeiture decision, we lacked jurisdiction over defendants' claim of error in the forfeiture proceedings. United States v. Casas, 999 F.2d 1225, 1229-32 (8th Cir. 1993), cert. denied, 510 U.S. 1078 (1994).

In their subsequent section 2255 motion, Carlos and Efren each argued that he received ineffective assistance of counsel when counsel failed to appeal the forfeiture order, and that the forfeiture violated double jeopardy. Carlos also claimed he was prejudiced by the admission of Efren's 1987 conviction. In denying relief, the district court concluded that the record showed defendants raised the 1987 arrest evidence claim on direct appeal; that there was no right to effective assistance of counsel in forfeiture proceedings because they are civil in nature, and in any event defendants were not prejudiced; and that the forfeiture did not implicate double jeopardy because it was a cumulative punishment imposed in a single proceeding.

We agree with the district court that defendants may not relitigate in this section 2255 motion their unsuccessful challenge

to the admissibility of the 1987 arrest evidence.  See Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam).  We do not consider Carlos's contention--raised for the first time on appeal--that counsel was ineffective for not requesting a limiting instruction regarding this 1987 arrest evidence.  See Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993) (court will not consider issues raised for first time on appeal absent plain error resulting in miscarriage of justice), cert. denied, 510 U.S. 1075 (1994).

We also agree the Casases' double jeopardy argument lacks merit.  The government charged the forfeiture counts in the criminal indictment under 21 U.S.C. § 853, and they were tried to the district court at the time of the sentencing hearing.  Hence, the forfeiture and criminal prosecution were part of a single proceeding and there was no double jeopardy violation. See United States v. Smith, 75 F.3d 382, 384 (8th Cir. 1996) (double jeopardy concerns do not arise when multiple punishments are imposed in single proceeding).

As for the Casases' claims their counsel was ineffective for not appealing the forfeiture orders, we have not yet decided whether a Sixth Amendment right to counsel attaches to criminal forfeiture proceedings. Cf. United States v. $100,375.00 in U.S. Currency, 70 F.3d 438, 440 (6th Cir. 1995) (no Sixth Amendment right to counsel in civil forfeiture proceedings).  We need not decide this issue, however, because in any event we agree with the district court's alternative conclusion that the Casases did not show prejudice.  See Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.