# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-2656

_____

United States of America,      *
                               *
          Appellee,            *
                               *
     v.                        *
                               *
Demetrius Jones,               *
                               *
          Appellant.           *

_____

No. 96-2660

_____

Appeals from the United States
District Court for the
Eastern District of Missouri.

United States of America,      *
                               *
          Appellee,            *
                               *
     v.                        *
                               *
William Yancey Jones,          *
                               *
          Appellant.           *

_____

No. 96-2661

_____

United States of America,      *
                               *
          Appellee,            *
                               *
     v.                        *
                               *
Kevin Pleas,                   *
                               *
          Appellant.           *

_____

No. 96-2827
_____

United States of America,                    *
                                              *
          Appellee,                           *
                                              *
     v.                                       *
                                              *
Demetrius Mack,                               *
                                              *
          Appellant.                          *


_____

No. 96-2927
_____

United States of America,                    *
                                              *
          Appellee,                           *
                                              *
     v.                                       *
                                              *
Sherdonna Jones,                              *
                                              *
          Appellant.                          *


_____

No. 96-2929
_____

United States of America,                    *
                                              *
          Appellee,                           *
                                              *
     v.                                       *
                                              *
Tonya Jones,                                  *
                                              *
          Appellant.                          *

```
                _____

                No. 96-3478
                _____


United States of America,              *
                                       *
          Appellee,                    *
                                       *
     v.                                *
                                       *
Lamar Howell,                          *
                                       *
          Appellant.                   *
                            _____

               Submitted:  February 11, 1997

                  Filed:  April 16, 1997
                            _____

Before BOWMAN and WOLLMAN, Circuit Judges, and BOGUE,[1] District
     Judge.
                            _____


WOLLMAN, Circuit Judge.


        This consolidated appeal stems from convictions related to a
large-scale drug conspiracy in St. Louis, Missouri.  William Yancey
Jones (William Jones), Kevin Pleas, Demetrius Mack, and Lamar Howell each pled
guilty in the district court[2] to conspiring to distribute cocaine, in
violation of 21 U.S.C. §§ 841(a)(1) & 846.  Demetrius Jones, William
Jones's son, was not considered part of the conspiracy but pled guilty to
three counts of distributing
```

---

[1]The HONORABLE ANDREW W. BOGUE, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable George F. Gunn, United States District Judge for the Eastern District of Missouri.

-3-

cocaine base, in violation of 21 U.S.C. § 841(a)(1).  Tonya and Sherdonna Jones, William Jones's daughters, each pled guilty to money laundering under 18 U.S.C. § 1956(a)(1)(A)(i) & (2).  Each defendant also executed a consent decree of forfeiture.  William Jones, Demetrius Jones, Pleas, Mack, and Howell (the appellants) argue that their convictions constituted double jeopardy in light of previous civil forfeiture proceedings against them.  Demetrius Jones also challenges his sentence.  Tonya and Sherdonna Jones appeal from the district court's denial of their motion to withdraw their pleas and their resultant sentences.  We affirm.

## I.

Appellants[3] contend that their convictions constituted double jeopardy in light of earlier civil forfeiture proceedings instituted against them that were stayed pending their criminal prosecutions.  The Supreme Court recently held in United States v. Ursery, 116 S. Ct. 2135 (1996), that civil forfeiture proceedings are not, absent extraordinary circumstances, punitive, and do not raise double jeopardy concerns.  See id. at 2148.  Only "where the 'clearest proof' indicates that an *in rem* civil forfeiture is 'so punitive either in purpose or effect' as to be equivalent to a criminal proceeding, [might] that forfeiture . . . be subject to the Double Jeopardy Clause."  Id. at n.3 (quoting United States v. One Assortment of 89 Firearms, 465 U.S. 354, 365 (1984)).

---

[3]Although represented in this appeal by counsel, William Jones moved to file a pro se brief and supplemental appendix. Although we ordinarily do not accept pro se briefs from defendants represented by counsel, see United States v. Blum, 65 F.3d 1436, 1443 n.2 (8th Cir. 1995), cert. denied, 116 S. Ct. 824 (1996), we have considered Jones's brief and appendix.

-4-

In support of their argument that the civil proceedings were punitive, appellants contend that the government instituted civil forfeiture proceedings as preparation for eventual criminal forfeitures. Appellants allege that the stay of the civil forfeiture proceedings which the government obtained in light of the criminal proceedings shows that the civil forfeiture proceedings were in fact an integral part of the criminal proceedings and were therefore punitive.

This argument defeats itself on two fronts. First, the fact of the stay undermines rather than supports the double jeopardy challenge, for a stay of forfeiture proceedings prevents the attachment of jeopardy. See United States v. Sykes, 73 F.3d 772, 774 (8th Cir.), cert. denied, 116 S. Ct. 2503 (1996); United States v. Clementi, 70 F.3d 997, 1000 (8th Cir. 1995). Second, appellants' argument that the civil forfeiture proceedings were related to the criminal proceedings defeats their double jeopardy claims. A single coordinated prosecution involving both civil forfeiture proceedings and criminal proceedings does not violate the double jeopardy clause, as the civil and criminal proceedings in such a situation are "merely different aspects of a single prosecution." United States v. Smith, 75 F.3d 382, 386 (8th Cir. 1996); see United States v. Volanty, 79 F.3d 86, 89 (8th Cir. 1996). In this case, the temporal link and the coordination between the civil forfeiture proceedings and the indictments satisfy us that the actions were different aspects of the same prosecution and that the civil forfeiture proceedings were not separate and punitive. See Smith, 75 F.3d at 386. Because both the stay and the coordination between the civil forfeiture proceedings and criminal prosecutions prevented jeopardy from attaching as a result of the civil forfeiture proceedings, the subsequent criminal proceedings would not, even before Ursery, have constituted double jeopardy.

Demetrius Jones asserts that the district court erred in calculating his sentence based on crack rather than another form of cocaine base that would not merit the increased sentence for crack. See United States v. Jackson, 64 F.3d 1213, 1219 (8th Cir. 1995) ("[C]rack . . . [is] the only form of cocaine base to which the stiffer penalties formulated by the Sentencing Guidelines apply."), cert. denied, 116 S. Ct. 966 (1996). When the type of drugs attributable to a defendant is at issue, the government bears the burden of proving the type of drugs by a preponderance of the evidence. See United States v. Tauil-Hernandez, 88 F.3d 576, 579 (8th Cir. 1996), cert. denied, 117 S. Ct. 1258 (1997); United States v. Johnson, 12 F.3d 760, 765 (8th Cir. 1993). We review for clear error a district court's determination of the type of drugs attributable to a defendant and will reverse only if we are firmly convinced that a mistake has been made. See id.; United States v. Maxwell, 25 F.3d 1389, 1397 (8th Cir. 1994).

Demetrius Jones claims that the laboratory reports do not specifically describe the substance attributable to him as the crack form of cocaine base, but simply as cocaine base. A laboratory report regarding drugs purchased from Demetrius Jones on December 9, 1994, however, specifically describes the drugs as "'crack' cocaine," and a "rock-like substance."

Furthermore, Demetrius Jones failed to challenge the government's assertion that the substance he distributed was crack until several weeks before his sentencing hearing, even though the substance was repeatedly described during his plea hearing as crack. To the contrary, he repeatedly acquiesced in and

affirmatively responded to the court's meticulous questions at the plea hearing describing the substance as crack:

The Court:        All right.  As I understand, you're here to plead guilty to three counts of distribution of <u>crack cocaine</u>; is that correct?

Mr. D. Jones:      Yes, sir.

. . . .

The Court:        All right.  Have you been furnished a charge -- a copy of the charge against you here, the count -- charges of three counts of distribution of cocaine, <u>crack cocaine</u>?

Mr. D. Jones:      Yes.

. . . .

The Court:        [Defense counsel has] explained to you that the three charges are three separate counts of distribution of <u>crack cocaine</u>?

Mr. D. Jones:      Yes, sir.

. . . .

The Court:        All right.  You also -- you also understand that . . . the three counts of distribution of <u>crack cocaine</u> are being brought against you by the United States Attorney by way of an information?  Do you understand that?

Mr. D. Jones:      Yes, sir.

. . . .

The Court:        All right. . . . You've received a copy of the charges against you and the information against you here charging you with three counts of distribution of <u>crack cocaine</u>; is that so?

Mr. D. Jones:       Yes, sir.

. . . .

The Court:          All right.  How do you plead to the charges of three separate charges in Count 1, Count 2 and Count 3 . . . each count charging you with distribution of crack cocaine?

Mr. D. Jones:       Guilty, sir.

. . . .

The Court:          You understand that the offenses to which you are pleading guilty, the three counts of distribution of crack cocaine, are felony offenses . . . do you understand that?

Mr. D. Jones:       Yes.

. . . .

The Court:          The charges against you are three counts, Counts 1, 2 and 3 of the information which-- each charges you with distribution of crack cocaine.  I'm going to have [the U.S. Attorney] outline what the government's evidence would against you and then ask you whether you agree that you did what he says you did.  All right?

Mr. D. Jones:       All right.

[U.S. Atty]:        Your honor, if this matter were to proceed to trial, the government would be prepared to prove beyond a reasonable doubt that . . . Demetrius Jones knowingly and intentionally distributed cocaine and cocaine base, otherwise known as crack cocaine. . . .

The Court:          Mr. Jones, do you agree that you did what [the U.S. Attorney] says you did?

Mr. D. Jones:       Yes, Your Honor.

. . . .

The Court:        How do you plead to the information on Counts
                  1, 2 and 3 of distribution of <u>crack cocaine</u>?

Mr. D. Jones:     Guilty.

The Court:        On all counts?

Mr. D. Jones:     Plead guilty.

The Court:        On each of the counts?

Mr. D. Jones:     Yes.

[Emphasis added.]


Moreover, the stipulation of facts relative to sentencing, which Demetrius Jones signed, refers to the substance Jones distributed as "cocaine base (crack cocaine)."  We are satisfied that the lab report and Demetrius Jones's admissions during the plea colloquy and in the stipulation of facts provided an adequate basis for the district court's finding that the substance distributed was crack cocaine.  <u>See</u> <u>United States v. Koonce</u>, 884 F.2d 349, 352-53 (8th Cir. 1989).

**IV.**


Tonya and Sherdonna Jones first challenge the district court's refusal to allow them to withdraw their guilty pleas.  "A guilty plea is a solemn act not to be set aside lightly." <u>United States v. Prior</u>, 107 F.3d 654, 657 (8th Cir. 1997).  A defendant must establish a "fair and just reason" before the district court may permit the defendant to withdraw his plea.  <u>See</u> <u>id.</u>; <u>United States v. Stuttley</u>, 103 F.3d 684, 686 (8th Cir. 1996), <u>pet. for cert. filed</u>, (U.S. Mar. 21, 1997) (No. 96-8312); Fed. R. Crim. Proc. 32(e).  We review a district court's denial of a motion to withdraw

a guilty plea for an abuse of discretion.  See United States v. Capito, 992 F.2d 218, 219 (8th Cir. 1993).

Tonya and Sherdonna allege that the factual basis is insufficient to support their pleas to charges of money laundering under 18 U.S.C. § 1956 and that they are innocent of the conduct proscribed by that section.  They contend that the plea hearing transcripts, the stipulation of facts relative to sentencing, and the presentence investigation reports fail to establish that they "inten[ded] to promote the carrying on of a specified unlawful activity," an element of section 1956.  They assert that they should have been allowed to plead guilty to money laundering under 18 U.S.C. § 1957, which, they claim, more accurately describes their conduct.

This contention is without merit.  Both Tonya and Sherdonna stated that they had received a copy of the information (which fully and accurately stated the elements of section 1956 money laundering) before the plea hearing and had reviewed it with their attorneys.  They both admitted in their signed stipulation of facts to having had "the intent to promote the carrying on of the conspiracy."  Given their admissions of guilt to all of the elements in the charge and in their stipulation of facts, their post-plea claims of factual insufficiency and innocence are unavailing. See United States v. Wicker, 80 F.3d 263, 267 (8th Cir. 1996) (defendant's admissions at plea hearing provided "abundant evidence" in support of guilty plea); United States v. Peebles, 80 F.3d 278, 279 (8th Cir. 1996) (per curiam) (defendant's claims of innocence are unavailing given admissions to the contrary in plea agreement, stipulation, and at change-of-plea hearing); see also Stuttley, 103 F.3d at 686 ("post-plea regrets" are not a fair and just reason to warrant withdrawal of guilty plea).

Tonya and Sherdonna also argue that they should have been allowed to withdraw their pleas because their pleas were not voluntary. They contend that they believed that if they did not plead guilty, William Jones, Pleas (Tonya's boyfriend), or Mack (Sherdonna's husband) would not be permitted to do so and that this all-or-nothing condition was not disclosed to the district court.

This contention is without merit. The record demonstrates that the plea hearings complied fully with the requirements of Federal Rule of Criminal Procedure 11. When asked if they had been coerced or forced into pleading, both Tonya and Sherdonna answered in the negative. Where the district court fully informs a defendant of the rights he is waiving, and the defendant's statements at the plea hearing show that he "knowingly and voluntarily pleaded guilty, 'the occasion for setting aside a guilty plea should seldom arise.'" Peebles, 80 F.3d at 279 (quoting United States v. Newson, 46 F.3d 730, 732 (8th Cir. 1995)). Neither Tonya nor Sherdonna made mention of any condition during their plea hearing, and they do not now offer any evidence corroborating their allegations of a secret coercive condition. In light of these circumstances, the district court did not abuse its discretion in denying the motion to withdraw the guilty pleas.

Tonya and Sherdonna finally argue that the district court incorrectly applied the Sentencing Guidelines in determining their sentences. Both waived their right to appeal their convictions and sentences, however, so long as the sentences imposed were less than forty-six months. A review of the record satisfies us that this waiver was made voluntarily. Because the sentences imposed (thirty-seven months) were in accordance with the agreement, Tonya and Sherdonna are precluded from challenging the bargains they made. See Stuttley, 103 F.3d at 686.

The judgments and sentences are affirmed.

A true copy.

     Attest:

         CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.