**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dwight CAMPBELL, Defendant–Appellant.**

No. 01–1398.

United States Court of Appeals,
Sixth Circuit.

Nov. 2, 2001.

Before SILER and COLE, Circuit Judges; STAFFORD, District Judge.*

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

## ORDER

Pro se federal prisoner Dwight Campbell appeals a district court order that granted in part and denied in part his Fed.R.Crim.P. 41(e) motion for the return of seized property. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In early 1997, Campbell pleaded guilty to charges of money laundering and conspiracy to possess with intent to distribute controlled substances. In June 1998, he was sentenced to 186 months of imprisonment to be followed by five years of supervised release. A panel of this court affirmed Campbell's convictions and sentence. *See United States v. Campbell,* Nos. 98–1782/2174, 2000 WL 1597858, at *2 (6th Cir. Oct. 19, 2000) (unpublished).

In June 1999, Campbell filed the instant Rule 41(e) motion. He sought the return of an electronic money counter, $54,479 seized from a motel room, and $76,430 seized from a car parked outside the hotel room. The district court: (1) found that the government failed to give proper notice of the forfeiture of the cash; (2) set aside the forfeiture of the cash, but also ordered the government to return the cash or commence a civil forfeiture proceeding; and (3) denied, without prejudice, the motion for the return of the money counter.

In his timely appeal, Campbell argues that the judicial forfeiture of his property, in combination with his criminal sentence, violated the Double Jeopardy Clause of the Constitution. He also argues that the district court erred by allowing the government the option of returning his cash or initiating judicial forfeiture proceedings.

■ We note initially that the government states in its brief that it has initiated civil forfeiture proceedings regarding the seized cash and that these proceedings are pending in the district court. In his brief, and in a motion filed in support, Campbell argues that the initial forfeiture of his cash was improper because it occurred before his conviction. This point is moot, as the initial forfeitures were set aside by the district court because the government failed to give Campbell adequate notice. Campbell also asserts that the forfeiture violated his plea agreement because it amounted to a conviction on counts dismissed pursuant to the plea agreement: this contention is patently meritless.

■ We review a district court's order denying a motion for the return of property for an abuse of discretion. *See United States v. Duncan,* 918 F.2d 647, 654 (1990). The district court did not abuse its discretion in ordering the government to return the cash or initiate judicial forfeiture proceedings. This was an acceptable remedy under these circumstances. *United States v. Volanty,* 79 F.3d 86, 89 (8th Cir.1996); *see also United States v. Dusenbery,* 201 F.3d 763, 767 n. 8 (6th Cir.) (citing *Volanty*), *cert. denied,* 531 U.S. 925, 121 S.Ct. 301, 148 L.Ed.2d 242 (2000); *United States v. Real Property Located at 1184 Drycreek Road, Granville, Ohio,* 174 F.3d 720, 728 (6th Cir.1999) (stating that inadequate notice does not immunize property from forfeiture).

■ Finally, the forfeiture of Campbell's property has no double jeopardy implications. *See United States v. Ursery,* 518 U.S. 267, 287, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996) (holding that in rem civil forfeitures were neither punishment nor criminal proceedings for the purposes of the Double Jeopardy Clause).

For these reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.