**Dwight CAMPBELL, Plaintiff–Appellant, (01–2359)**

v.

**Steve PUTNAM; Richard Isaacson; Noceeba Gordon; Michael Mueller, Defendants–Appellees.**

**United States of America, Plaintiff–Appellee, (01–2499)**

v.

**Dwight Campbell, Movant–Appellant,**

**Currency $76,430; Currency $54,749, Defendants.**

**No. 01–2359, 01–2499.**

United States Court of Appeals, Sixth Circuit.

June 21, 2002.

Before MARTIN, Chief Circuit Judge; KEITH and KENNEDY, Circuit Judges.

## ORDER

In these consolidated appeals, pro se federal prisoner Dwight Campbell appeals a district court judgment that dismissed his suit filed under the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (case no. 01–2359) and a summary judgment in favor of the government in a civil forfeiture action (case no. 01–2499). These cases have been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In early 1997, Campbell pleaded guilty to charges of money laundering and conspiracy to possess with intent to distribute controlled substances. In June 1998, he was sentenced to 186 months of imprisonment to be followed by five years of supervised release. We affirmed Campbell's convictions and sentence. *United States v. Campbell,* Nos. 98–1782/2174, 2000 WL 1597858, at *2 (6th Cir. Oct. 19, 2000) (unpublished).

In June 1999, Campbell filed a Fed. R.Crim.P. 41(e) motion, seeking—among other relief—the return of about $130,000: $54,479 seized from a motel room at the time of his arrest and $76,430 seized from a car parked outside the hotel room. The government responded to the motion by contending that the cash was properly forfeited pursuant to 19 U.S.C. § 1609. The

district court concluded that the government failed to give proper notice of the forfeiture of the cash. The court set aside the administrative forfeiture and ordered the government to return the cash or commence a civil forfeiture proceeding. We affirmed. *United States v. Campbell,* No. 01–1398, 2001 WL 1450678, 25 Fed.Appx. 223 (6th Cir. Nov. 2, 2001) (unpublished).

The government commenced a forfeiture proceeding and received a summary judgment in its favor. At about the same time as the forfeiture proceeding, Campbell prosecuted a *Bivens* suit regarding, among other things, the seizure of the cash that was forfeited to the government. The district court dismissed this suit as frivolous under the doctrine of *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

In these timely appeals, Campbell argues that the district court erred in dismissing his *Bivens* suit and that the district court erred in granting summary judgment in his disfavor in the forfeiture action. Campbell has filed multiple miscellaneous motions concerning both appeals.

Several initial matters deserve only brief treatment. First, in both of these appeals, Campbell attempts to litigate challenges related to the search and seizure of his property. By his guilty plea, he is collaterally estopped from making these challenges. *See United States v. Real Property Known and Numbered as 415 East Mitchell Avenue,* 149 F.3d 472, 476 (6th Cir.1998).

Second, in his brief concerning appeal no. 01–2499, Campbell seeks to relitigate his partially unsuccessful motion for the return of his seized property, claiming improper notice and a double-jeopardy violation. These matters were resolved in *Campbell,* No. 01–1398, 2001 WL 1450678,

and the law-of-the-case doctrine proscribes revisiting them. This doctrine dictates that issues, once decided, should be reopened only in extraordinary circumstances. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). These contentions implicate no extraordinary circumstances: they are mere echos of prior unsuccessful contentions resolved on the merits in Campbell's disfavor.

Third, in both appeals, Campbell argues that the civil forfeiture of his property violated an immunity agreement he joined with the government. As the district court properly noted, the agreement does not mention the forfeiture of any property. This contention lacks a basis in fact.

Fourth, and finally, Campbell has filed motions for the appointment of counsel, for oral argument, to proceed in forma pauperis in appeal no. 01–2499, and for a remand for further proceedings. We grant the motion for pauper status in case no. 01–2499 in order to resolve the case on the merits. All other pending motions are denied.

### (No. 01–2359)

The district court properly dismissed Campbell's *Bivens* suit as frivolous. Our review is de novo. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). In his *Bivens* complaint, Campbell complained that a search of his business violated the Fourth Amendment, that the prosecution breached an immunity agreement in violation of the Fifth Amendment, and that his sentence was unconstitutional. He sought the return of the $130,000 that is the subject of the forfeiture suit, additional money damages, and a hearing concerning the validity of his guilty-plea conviction. Each of Campbell's claims, if successful, would imply the invalidity of his criminal conviction. They therefore do not provide

a cognizable basis for relief in this civil rights action, as Campbell has not shown that his convictions were "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487; *see also Robinson v. Jones*, 142 F.3d 905, 906–07 (6th Cir.1998) (*Heck* applies to *Bivens* actions as well as claims under 42 U.S.C. § 1983).

### (No. 01–2499)

The district court did not err in granting summary judgment in favor of the government in the civil forfeiture action. We review de novo an order granting summary judgment in a forfeiture proceeding and view "the facts in the light most favorable to the non-moving party." *United States v. $5,000 in U.S. Currency*, 40 F.3d 846, 848 (6th Cir.1994). In the action, the government was required to prove, by a preponderance of the evidence, that the $130,000 was substantially connected to Campbell's criminal activity. 18 U.S.C. § 983(c)(1), (c)(3). Campbell bore the burden of proving, by a preponderance, that he was a mere innocent owner of the $130,000. § 983(d). To bear this burden, he was required to show that he was unaware of the criminal activity or that, upon learning that the money was teetering toward use as an instrument of criminal activity, he "did all that reasonably could be expected under the circumstances to terminate such use of the property." § 983(d)(2)(A)(i), (d)(2)(A)(ii).

For the reasons thoroughly stated in the district court's September 27, 2001, opinion and order, the government bore its burden and Campbell did not.

Accordingly, the motion for pauper status in case no. 01–2499 is granted, all other pending motions are denied, and the dis-

trict court's judgments are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.