92 F.3d 1186
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Herman Orange WILSON, Defendant-Appellant.
 No. 95-6023.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1996.
 
 Before: SILER and BATCHELDER, Circuit Judges, and CARR, District Judge[1]
 PER CURIAM.
 
 
 1
 Wilson appeals from his conviction on one count of a drug-trafficking conspiracy (21 U.S.C. § 846) and two counts of possession with intent to distribute (id. § 841(a)(1)) plus aiding and abetting (18 U.S.C. § 2) (App. at 26). He assigns several errors. His contentions lack merit; consequently, we affirm.
 
 I. Double Jeopardy
 
 2
 On June 21, 1994, federal agents seized $24,010 in defendant's home. Initially, defendant identified himself as claimant to this sum (App. 83-85). Subsequently, however, defendant failed to file an answer to the verified complaint of forfeiture under 21 U.S.C. § 881(a)(6). Accordingly, the district court entered an uncontested decree of forfeiture on January 27, 1995 (App. 97).
 
 
 3
 Wilson argues that his subsequent criminal prosecution subjected him to double jeopardy. We disagree. An uncontested forfeiture proceeding does not place anyone in jeopardy. United States v. Clementi, 70 F.3d 997, 1000 (8th Cir.1995) (jeopardy did not attach where defendant did not intervene in prior civil forfeiture proceeding); United States v. Baird, 63 F.3d 1213, 1218-19 (3d Cir.1995) ("jeopardy does not, and cannot, attach until one is made a party to a proceeding before a trier of fact having jurisdiction to try the question of guilt or innocence"), cert. denied, 116 S.Ct. 909 (1996); United States v. Cretacci, 62 F.3d 307, 310-11 (9th Cir.1995) ("an owner who receives notice of the intended forfeiture and fails to claim an ownership interest in the property has effectively abandoned it," so that prosecution following the forfeiture does not implicate double jeopardy rights); United States v. Arreola-Ramos, 60 F.3d 188, 192 (5th Cir.1995) (unclaimed money is equivalent to unowned money, and its forfeiture punishes no one; "[a]bsent a trial, a party, and a punishment, jeopardy can never attach").
 
 II. Speedy Trial Act
 
 4
 Wilson alleges a violation of the Speedy Trial Act, 18 U.S.C. § 3161 et seq. Wilson's trial commenced on March 7, 1995, 236 days after the indictment was filed on July 13, 1994.
 
 
 5
 The Government contends, however, that 171 days of this period can be excluded from speedy trial calculations under 18 U.S.C. § 3161(h)(1)(F), because the court was dealing with the defendants' pretrial motions (Gov't Br. at 20-21). It also contends that 170 of these days may be excluded from such calculations under § 3161(h)(3)(B), because a co-defendant remained a fugitive (Gov't Br. at 18). Wilson does not contest these assertions in his reply, and the record supports them. As a result, trial occurred within 70 days after the indictment was filed, as the Act requires. 18 U.S.C. § 3161(c)(1).
 
 III. Admission of Evidence
 
 6
 Wilson was arrested on June 21, 1994. Later that day, a DEA agent named Morgano searched Wilson's apartment. Wilson also rented a garage a mile away, and a security guard told the agent that he had seen cans in the garage. Morgano called another agent who was with Wilson, and that agent obtained Wilson's signature on a consent-to-search form. This form had printed on it, "I have not been threatened, nor forced in any way" and "I freely consent to this search." With this consent, Morgano searched Wilson's garage.
 
 
 7
 In addition, Wilson had luggage with him when he was arrested. Wilson later asked DEA agents to retrieve his phone book from the luggage (Wilson Br. at 24). They did so, and found additional evidence in the luggage.
 
 
 8
 Wilson then moved to suppress evidence found in the garage and in his luggage (App. at 76). The motion was denied, and Wilson appeals this denial. He contends that his consent was invalid, because he gave it under duress.
 
 
 9
 Factual findings made pursuant to a motion to suppress are upheld unless clearly erroneous, while conclusions of law are reviewed de novo. United States v. Crowder, 62 F.3d 782, 785 (6th Cir.1995), cert. denied, 116 S.Ct. 731 (1996). The district court found that, when the agent asked Wilson to sign the consent-to-search form, Wilson "said he had nothing to hide and signed it voluntarily" (App. at 227). The court also found that Wilson "says that he authorized [the DEA agent] to obtain his phone book. In order to obtain the phone book he had to open the luggage" (id.). The record contains no reason to find that these factual findings were error. Accordingly, the court's refusal to suppress was proper.
 
 
 10
 Wilson also appeals the denial of his motion to suppress hotel receipts and a real-estate contract (App. at 99-120). These items, Wilson contends, were outside the search warrant's scope (Wilson Br. at 25).
 
 
 11
 We disagree. DEA agents searched Wilson's apartment pursuant to a warrant to search for, among other things, "indicia of trafficking in controlled substances, such as ... travel documents ... and other evidence of drug transactions" (App. at 55). The items to which Wilson objects are reasonably related to the drug offenses that formed the basis for the warrant. Consequently, seizure of them was proper. See United States v. Brown, 49 F.3d 1162, 1169 (6th Cir.1995).
 
 
 12
 Wilson further appeals the district court's admission into evidence of gold jewelry found in Wilson's apartment. The court had refused to admit a ring that a female friend of Wilson was wearing when she was arrested (App. at 293-94). Wilson contends that distinguishing the gold jewelry from the ring and admitting them was inordinately prejudicial in violation of Fed.R.Evid. 403.
 
 
 13
 Rulings under Rule 403 will not be reversed absent a "clear showing" of abuse of discretion. United States v. Garcia, 20 F.3d 670, 672 (6th Cir.1994), cert. denied, 115 S.Ct. 1120 (1995). The prejudicial character of the evidence must substantially outweigh its probative value when it is viewed in the light most favorable to its proponent, here the Government. See id. That is quite clearly not the case here. The gold jewelry was probative of Wilson's involvement with others accused in the conspiracy to sell drugs, but was not a major component of the Government's case. In addition, the district court drew a sensible distinction between a ring being worn by another person and gold jewelry found in Wilson's apartment alongside other probative evidence. Consequently, admission of the gold jewelry as evidence was not an abuse of discretion.
 
 IV. Sentencing
 
 14
 Wilson requests resentencing on three grounds. First, he argues that the trial court's finding regarding the amount of cocaine for which defendant was held accountable was based on "unreliable information" (Wilson Br. at 30-31). Second, he argues that sentence enhancements for gun possession and obstruction of justice through perjury likewise were error (Wilson Br. at 33).
 
 
 15
 We review each of these contentions for clear error. 18 U.S.C. § 3742(e) (appellate courts "shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous"); United States v. Cochran, 14 F.3d 1128, 1132 (6th Cir.1994) (reviewing for clear error sentence enhancements regarding illegal substance amount and weapon possession); United States v. Clark, 982 F.2d 965, 970 (6th Cir.1993) (enhancement for obstruction of justice). Because we find no clear error, we uphold the sentence imposed on Wilson.
 
 
 16
 First, the district court found that Wilson was accountable for between 50 and 150 kilograms of cocaine. Torma Prewitt alone indicated on the basis of personal experience that Wilson was accountable for 96 kilograms (App. at 711). The district court carefully assessed her credibility and made findings regarding it (id.). This was not clear error.
 
 
 17
 Second, a gun was found in Wilson's apartment next to his bed. In order to avoid sentence enhancement, therefore, Wilson had the burden of showing that it was "clearly improbable" that the weapon was connected with the offense. See Cochran, supra, 14 F.3d at 1132 (dominion over premises where gun found establishes constructive possession and shifts burden); United States Sent. Guidelines § 2D1.1, Application Note 3. He did not carry that burden. The presence of $24,000 and other evidence of drug sales, along with corroborating statements of Torma Prewitt, are sufficient to support a finding that the gun was linked to Wilson's drug trafficking activity. See United States v. Sanchez, 928 F.2d 1450, 1460 (6th Cir.1991).
 
 
 18
 Third, at trial, Wilson repeatedly denied that he sold drugs. The district court specifically found "absolutely no question" that Wilson thereby perjured himself (App. at 714). The court had heard Wilson's testimony and had before it eight specific enumerations of perjury, with citations to the record. Its conclusion, therefore, was not clear error.
 
 V. Conclusion
 
 19
 For these reasons, we AFFIRM the decision of the district court.
 
 
 
 [1]
 The Honorable James G. Carr, District Judge, United States District Court for the Northern District of Ohio, sitting by designation