**Herman Orange WILSON,
Petitioner–Appellant,**

v.

**Jose BARRON, Jr., Warden,
Respondent–Appellee.**

No. 03–5147.

United States Court of Appeals,
Sixth Circuit.

July 30, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and JORDAN, District Judge.*

*ORDER*

Herman Orange Wilson, a pro se federal prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the United States District Court for the Middle District of Tennessee, Nashville Division, Wilson was convicted of one count of a drug-trafficking conspiracy in violation of 21 U.S.C. § 846, and two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Wilson to life imprisonment. This court affirmed the district court's judgment. *United States v. Wilson*, No. 95–6023, 1996 WL 447657 (6th Cir. Aug.7, 1996). Thereafter, the district court denied a motion to vacate Wilson's sentence filed under 28 U.S.C. § 2255. Wilson did not appeal that judgment, nor has he moved for leave to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244.

Wilson filed the instant petition for a writ of habeas corpus in the district court,

alleging that he is entitled to relief because: 1) his sentence based upon a quantity of drugs not determined by a jury violates the principle enunciated in the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and 2) his conviction and sentence were obtained in violation of his Fifth and Sixth Amendment rights under the United States Constitution. The district court dismissed the petition sua sponte as meritless.

In his timely appeal, Wilson contends that: 1) the remedy under § 2255 is inadequate or ineffective; 2) he is actually innocent; 3) the indictment charging him was constitutionally inadequate; and 4) the jury instructions impermissibly broadened the charges brought against him.

Generally, this court reviews de novo a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). A federal prisoner may challenge a conviction or imposition of sentence under § 2241 rather than by a motion filed under 28 U.S.C. § 2255 only under very unusual circumstances in which the remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 755–56. The prisoner must prove that § 2255 is inadequate or ineffective, and the remedy under § 2255 is not inadequate or ineffective simply because a petitioner has been denied relief under § 2255 or denied permission to file a second or successive § 2255 motion. *Id.* at 756–58. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Id.* at 758.

Upon review, we conclude that Wilson makes neither a legitimate claim that

* The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

322

would be cognizable in a § 2241 petition, nor a claim resting on a retroactively applicable Supreme Court decision. The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *See Charles,* 180 F.3d at 756–57. Wilson's claims were not *Bailey* claims or those of actual innocence. His claims are not cognizable under § 2241.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the court's memorandum opinion and order of November 14, 2002.